CATHERINE O'NEIL, administratrix, *vs.* JOHN HARRINGTON & trustee.

Bristol.    Oct. 27. — Nov. 3, 1880.    AMES & ENDICOTT, JJ., absent

An assignment in insolvency, made since the St. of 1880, c. 246, § 7, took effect, does not dissolve an attachment of the debtor's property made more than four months before the first publication of notice of the issuing of the warrant, although such notice was published before the enactment of the statute.

TRUSTEE PROCESS, dated February 5, 1878, and served on the trustee on February 8, 1878, who in his answer admitted funds of the defendant in his hands.  On April 20, 1880, judgment was rendered in the Superior Court for the plaintiff against the defendant; but no judgment was entered as to the trustee, and no execution issued against the defendant.  On May 8, 1880, the defendant applied for the benefit of the insolvent laws; the first publication of notice of issuing the warrant was made on May 10; and the assignment in insolvency was made on June 11.  On October 16, the assignee in insolvency was admitted as a claimant of the funds in the hands of the trustee; and the question arose whether the plaintiff was entitled to the fund under the St. of 1880, c. 246, § 7, (which took effect on May 24, 1880,) or the claimant under the Gen. Sts. c. 118, §§ 19, 44. *Bacon*, J. allowed the claim of the claimant, and discharged the trustee; and the plaintiff alleged exceptions.

*H. A. Dubuque*, for the plaintiff.

*M. Reed*, (*D. V. Sullivan* with him,) for the claimant.

GRAY, C. J.  An assignment in insolvency relates back to the date of the first publication of notice of the issuing of the

warrant, and has effect as of that time. *Clarke* v. *Minot*, 4 Met.
346. *Andrews* v. *Southwick*, 13 Met. 535. *Gallup* v. *Robinson*,
11 Gray, 20. *Butler* v. *Mullen*, 100 Mass. 453. But the extent
of its operation depends on the law in force when the assign-
ment is made. Attachments of the debtor's property are dis-
solved, not by the publication of notice, but by the assignment.

An assignment in insolvency, under the Gen. Sts. *c.* 118, § 44,
dissolved all attachments existing at the time of the first publi-
cation of notice, without regard to the length of time they had
been in force. But no assignment of this defendant's estate was
ever made under those statutes, nor until after the St. of 1880,
*c.* 246, § 7, had taken effect, which saves all attachments made
more than four months before the commencement of the pro-
ceedings. No right to defeat the plaintiff's attachment had
vested before the passage of this statute, and the effect of any
assignment made since its passage is limited by its provisions.
It was therefore erroneously ruled in the Superior Court that
the plaintiff's attachment was dissolved.

*Exceptions sustained.*