JOHN W. SULLINGS & others *vs.* DAVID R. GINN.

Bristol.   October 26. — 31, 1881.   MORTON & ALLEN, JJ., absent.

An assignment in insolvency, made since the St. of 1880, *c.* 246, § 7, took effect, does not dissolve an attachment of the debtor's property made more than four months before the first publication of notice of the issuing of the warrant, although such notice was published before the enactment of the statute.

Whether a continuance of an action shall be granted, so as to enable the defendant to obtain and plead a certificate of discharge in insolvency, is within the discretion of the court in which the action is pending.

CONTRACT upon an account annexed for goods sold and delivered.   Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions, in substance as follows:

The defendant, on his own petition, was duly adjudged insolvent by the Court of Insolvency for the county of Barnstable, on June 28, 1880; and he moved that this action be continued to await said insolvency proceedings, and the granting or refusal of his discharge therein.

The writ showed that an attachment of certain real estate of the defendant had been made on December 22, 1879; and the plaintiffs contended that they could have, and moved for, a special judgment against the property attached, because the attachment was made more than four months prior to the first publication of notice of the issuing of the warrant.   The judge thereupon ordered such special judgment to be entered for the plaintiff, and further ordered a default to be entered.

The defendant contended that the St. of 1880, *c.* 246, § 7, did not apply to this case, and that the plaintiffs were not entitled to a special judgment or a default; and alleged exceptions to the orders of the judge.

*J. Brown*, for the defendant.

*C. T. Bonney*, for the plaintiffs, was not called upon.

GRAY, C. J.   Both points in this case are governed by previous decisions.   The assignment in insolvency, having been executed since the St. of 1880, *c.* 246, § 7, took effect, is controlled by its provisions, and does not dissolve an attachment made more than four months before the commencement of the proceedings.   *O'Neil* v. *Harrington*, 129 Mass. 591.   The insolvent law of the Commonwealth, differing in this respect from

the recent bankrupt act of the United States, leaves the question whether a continuance shall be granted, so as to enable the debtor to obtain and plead a certificate of discharge, to the discretion of the court in which the action is pending. *Barker* v. *Haskell*, 9 Cush. 218. *Exceptions overruled.*