JOSEPH BATTEN *vs.* DAVID C. SISSON.

Suffolk.   November 14. — 16, 1882.   LORD & W. ALLEN, JJ., absent.

The effect of a discharge in insolvency is to be determined by the law in force at the time it is granted, and not by the law in force at the time the proceedings in insolvency are begun.

TORT against a constable of the city of Boston, for conversion of the goods and chattels of the plaintiff, by having taken the same on an execution against his son.

The cause was tried, before a jury, at January term 1881 of the Superior Court, and a verdict was rendered for the plaintiff.   Subsequently, on February 28, 1881, and before judgment, the defendant duly filed his petition in insolvency, and the first publication of the warrant was made on said date, and notice of the insolvency proceedings was noted on the docket of the Superior Court; and on that day, on motion of the defendant, the cause was continued to await the result of said insolvency proceedings.   On October 14, 1881, the defendant received his discharge in insolvency, and pleaded the same in this cause as a bar to the entry of any judgment against him.

On November 21, 1881, the cause was heard by Bacon, J., on the motion of the defendant, that judgment be entered for the defendant, without costs, on account of the defendant's discharge in insolvency, and on the plaintiff's motion for judgment on the verdict.   It was admitted that, at the time of the rendition of the verdict, the debt or claim sought to be secured by the plaintiff would be barred by a discharge in insolvency, as the law then stood.   It was also admitted that, subsequently to the publication of the notice of the issuing of the warrant in insolvency, and while these insolvency proceedings were pending, namely, on May 11, 1881, the Legislature amended the law relating to the discharge of insolvent debtors by inserting in the fourth line of section 79 of chapter 118 of the General Statutes the words, " or a claim against a debtor for goods attached on mesne process or taken on execution by him as an officer, or for misfeasance in office."   The validity of the insolvency proceedings was not contested, and the single issue was on the effect of the discharge.

The defendant asked the judge to rule that the discharge took effect, not from its date, but from the commencement of the proceedings in insolvency; and that the subsequent change of the law by the Legislature did not affect this case.

The judge declined so to rule; but ruled that the change in the law operated to bar the effect of the discharge in this case, and ordered judgment on the verdict. The defendant alleged exceptions.

*H. J. Edwards & S. H. Tyng*, for the defendant.

*E. M. Bigelow*, for the plaintiff.

DEVENS, J. Had the law, which was in force at the time the defendant commenced proceedings to obtain a discharge under the insolvent law, remained unaltered until such discharge was granted, it would have operated to release him from the debt in suit. Subsequently to the issuing of the warrant of insolvency upon the defendant's petition, and while the insolvency proceedings were pending, but before final judgment against him was rendered, the Legislature, on May 11, 1881, (St. 1881, c. 257, § 2,) amended the law relating to the discharge of insolvent debtors by inserting in § 79 of the Gen. Sts. c. 118, which provided that debts arising from certain defalcations should not be discharged under the insolvent law, the words, "or a claim against a debtor for goods attached on mesne process or taken on execution by him as an officer, or for misfeasance in office." The claim against the defendant was of such a character that it would be included by this clause, although not by the section as it previously stood. The presiding judge ordered judgment to be rendered against the defendant, thus treating the effect of the discharge obtained by him as determined by the law as it existed at the time it was granted, and not by the law in force at the time of the commencement of the proceedings. This ruling was correct.

In *Lane, appellant*, 3 Met. 213, it was held that the St. of 1841, c. 124, § 3, — which so altered the provisions of the St. of 1838, c. 163, that no certificate of discharge could be granted to a debtor, who, within six months before the filing of a petition by or against him, had given a preference to a preëxisting creditor, — applied to a debtor who had filed his petition for the benefit of the latter statute before the former was enacted. The

court could not grant a certificate of discharge against a prohibition of the statute. Nor had the petitioner any such vested right to a discharge, at the time of filing the petition, that either its effect, or the requisites to obtain it, might not be altered by the Legislature at any time before it was granted. At the time of his application, he must show that he is within the provisions of the statutes as they then exist, and the effect of such a discharge can be no broader than the statutes then permit.

So it has been held that the provisions of the St. of 1844, *c.* 178, apply to proceedings in insolvency which were pending when it went into operation, so far as these provisions were inconsistent with previous statutes. *Eastman* v. *Hillard,* 7 Met. 420. *Eddy* v. *Ames,* 9 Met. 585.

As contended by the defendant, a discharge, when granted, takes effect, not from its date, but from the commencement of proceedings in insolvency, which is the first publication of the notice upon the warrant, and relates back to that time. *Cook* v. *Shearman,* 103 Mass. 21. *Thayer* v. *Daniels,* 110 Mass. 345. But the extent of its operation depends upon the law in force when the discharge is granted. *O'Neil* v. *Harrington,* 129 Mass. 591. *Exceptions overruled.*