MEDE, In re. See Case No. 9,372.

---

## Case No. 9,389.

### MEDFORD v. DORSEY.

[2 Wash. C. C. 433.][1]

Circuit Court, D. Pennsylvania. April Term, 1810.

JUDGMENT—ERROR IN ENTERING—MOTION TO VACATE—FOR WHAT ERRORS GRANTED.

If there was error in entering a judgment, the court, at a subsequent term, cannot set it aside, unless it was entered by misprision of the clerk, by fraud, or the like.

[Cited in West v. Davis, Case No. 17,422; Bank of U. S. v. Moss, 6 How. (47 U. S.) 38; Edwards v. Elliott, 21 Wall. (88 U. S.) 552; U. S. v. Millinger, 7 Fed. 189; Newman v. Newton, 14 Fed. 635; U. S. v. Walsh, 22 Fed. 648; Grames v. Hawley, 50 Fed. 320.]

[Approved in Cook v. Wood, 24 Ill. 298; Mason v. Pearson, 118 Mass. 63. Cited in Gibson v. Chouteau's Heirs, 45 Mo. 173; McMicken v. Com., 58 Pa. St. 217; Parish v. Gear, 1 Pin. 276.]

This cause had been referred to arbitrators by rule of court, who made a report in favour of the plaintiff. for 1850 dollars, provided the plaintiff should give to the defendant a bond of indemnity against Holt & Co. [assignees of McCall Medford] and two or three other persons. The report was returned, about four years ago, and it appears by the records, that, on motion, it was confirmed and decreed. [Case No. 6,647.] The defendant now obtained a rule to show cause why the judgment should not be vacated, the judgment having been improvidently entered, until the indemnity was given, and by which it appeared, upon showing cause, the agent of the plaintiffs (they living in England) had refused to give or to receive the sum awarded, on the condition prescribed. It also appeared, that Holt had recovered, and been paid by the defendant. 1000 dollars, of the sum for which the indemnity was to be given; and other suits were now depending.

WASHINGTON, Circuit Justice (PETERS, District Judge, absent). This judgment, having been entered at a former court, though probably improvidently done, and might have been refused, had it been opposed, until the indemnity was given, cannot now be vacated. If there was error in entering it, the court, at a subsequent term, cannot set it aside, unless it was entered by the misprision of the clerk, by fraud, or the like. It is a hardship upon the defendant, to have his real estate bound by a judgment which it is improbable will ever be enforced; and there is possibly no way to help the defendant, but by entering satisfaction on the judgment, whenever it is made to appear, that the sum awarded has been paid to those against whose claims the defendant was to be indemnified.

Rule discharged.

[Subsequently, upon motion of the defendant, the judgment was ordered to be entered satisfied. Case No. 9,390.]

---

## Case No. 9,390.

### MEDFORD v. DORSEY.

[2 Wash. C. C. 467.][1]

Circuit Court, D. Pennsylvania. April Term, 1810.

JUDGMENT—MOTION TO ENTER SATISFACTION—EVIDENCE.

Judgment on an award that the defendant pay so much on receiving from the plaintiff an indemnity against certain claims. The plaintiff afterwards refused to give the indemnity; and on the defendant paying more claims, against which he was to be indemnified, than the amount of the judgment, the court ordered satisfaction to be entered on the judgment.

[The case was originally brought in this court by Holt & Co., assignees of McCall Medford, against John Dorsey, when the jury found for the plaintiff. Case No. 6,647.]

The defendant, since the decision [Case No. 9,389], having paid to one of the persons who had sued him, and against whom the plaintiff, by the report of the referees, was to indemnify him so much of the sum awarded, as with the sum before paid to Holt, and a small sum now paid into court, amounts to eighteen hundred and fifty dollars; moved the court to enter satisfaction of the decree, which the court directed.