CALVIN MARSHALL *vs.* ISAAC MERRITT.

At the term of the superior court held next after judgment rendered for A. on an *audita querela* to reverse a judgment in his favor, the court has discretionary power, on A.'s motion, to bring forward the original action on the docket and enter judgment therein as of said term.

PETITION to the superior court at March term 1869, that a complaint under the Gen. Sts. *c.* 149, for flowing land, might be brought forward from December term 1867, and judgment entered as of said March term.

At the hearing, before *Reed, J.,* it was agreed that the petitioner recovered judgment for nominal damages and for costs in said complaint against the respondent at said December term 1867; that on December 23, 1867, the respondent sued out a writ of *audita querela* for annulment of the judgment and stay of execution, and judgment was rendered therein in favor of this petitioner at June term 1868, and exceptions taken by the respondent were overruled in this court in January 1869; that the petitioner did not file his bill of costs in the complaint, taxed with vouchers, for more than a year after the judgment on the complaint at December term 1867; and that such judgment was not rendered by accident or mistake, but upon the petitioner's motion.

The petitioner alleged that he delayed taking out execution on the judgment on the complaint, at the defendant's request, until the *audita querela* could be brought; but this the defendant denied, and no evidence was introduced on the point by either party.

On the facts agreed the judge was of opinion that the court had power to bring the complaint forward; and ordered it

brought forward and judgment entered thereon as of **March** term 1869. The respondent alleged exceptions.

*E. Ames,* for the respondent.

*E. H. Bennett,* for the petitioner.

CHAPMAN, C. J. The power of the courts to order causes to be brought forward on the docket from a former term, where no continuance has been entered, is well established. *Gile* v. *Moore,* 2 Pick. 386, and 3 Pick. 194, *nom. Commonwealth* v. *Moore,* is an example. *Browning* v. *Bancroft,* 8 Met. 278, and 5 Met. 88, was brought forward in the court of common pleas from June term 1842 to September term 1843. The court say the power to do this is necessary for the proper regulation of the practice of the court from which appeals are made ; that when the party whose duty it was to bring the case forward is guilty of gross negligence, he should be held to have discontinued ; but of this the court of common pleas are judges. Such a power is also affirmed in *Ely* v. *Ball,* 8 Pick. 352. See also *Capen* v. *Stoughton,* 16 Gray, 364.

In *Stickney* v. *Davis,* 17 Pick. 169, the action was brought forward after the lapse of a year, to correct an erroneous judgment and allow the administrator of the plaintiff to come in. In *Hyde* v. *Chapin,* 6 Cush. 64, the action was brought forward after it had ceased to be continued in the proper court from December term 1847 to May term 1849. In *Terry* v. *Briggs,* 12 Cush. 319, the motion to bring the case forward was denied on its merits. It was within the discretionary power of the superior court to order this cause to be brought forward.

*Exceptions overruled.*