## NICHOLAS MASON *vs.* HENRY PEARSON.

Suffolk. Nov. 13, 1874. — June 23, 1875. WELLS & DEVENS, JJ., absent.

Where final judgment had been entered in the Superior Court in favor of a plaintiff, without any error or mistake, in accordance with an order of the court, when all the parties were before it, the court had no power, prior to the St. of 1875, c. 33, on motion of the defendant after the term at which such judgment was entered, to vacate the judgment or stay execution.

MOTION to vacate a judgment in favor of the plaintiff. Hearing before *Putnam*, J., who allowed a bill of exceptions, in substance as follows:

This action was entered at July term 1873 ; and on February 11, 1874, a trial by jury was had and a verdict rendered for the plaintiff, for $559.79. On February 12, the defendant made a motion for a new trial, which was heard and overruled on March 20. On March 25, the plaintiff moved for judgment. On March 27, judgment was entered upon the verdict, under the general order, and the court adjourned without day. On March 28, the plaintiff applied to the clerk for execution. On March 30, the defendant filed a motion representing that on February 11 last past he brought an action against the plaintiff, Nicholas Mason, returnable to the next April term of the Superior Court, and that service of the same was duly made upon the defendant ; that he is advised and believes that he has a good cause of action against said Mason, and that he intends to enter said action at said term, and to prosecute the same ; that the sole cause of his not having previously brought said action was that he believed that any judgment that might be rendered against said Mason would be worthless ; and that he believes now that said Mason has no property that can be reached to satisfy a judgment against him ; and moving that unless said Mason shall give satisfactory security to pay any judgment that may be rendered against him in said cross-action, the judgment in the present action may be stricken off, having been entered by mistake, and this action continued for judgment to await the determination of the cross-action aforesaid ; or if, in the opinion of the court, said judgment should not be stricken off, then that execution thereon may be

stayed to await the final judgment in said cross-action and the issuing of execution thereon, that said cross-executions may be set off against each other.

A hearing was had on this motion, and an order issued thereon, April 4, it being still in vacation, "that execution be stayed until judgment in the cross-action, unless the court shall otherwise order, upon notice to the plaintiff in the cross-action."

At April term, to wit, May 7, the defendant filed a motion, that the judgment entered at January term be vacated, the same having been entered by mistake, and that the action be brought forward upon the docket and continued to await the judgment in the cross-action now pending in the Superior Court.

On May 9, the order passed April 4, after a hearing, was vacated by the court. On May 12, the plaintiff filed objections to granting the defendant's motion. On May 14, the court passed an order bringing forward the action, vacating the judgment, and continuing the action to await the judgment in the cross-action.

On February 11, 1874, after verdict in this action, the defendant brought an action against the plaintiff, returnable to April term 1874, which is now pending. The cause of said action existed at the date of the plaintiff's writ in this action, which the plaintiff claims, by its nature, was a subject matter of set-off in the original suit. The plaintiff, in this action, denies that the defendant has any right of action against him.

At the hearing on the motion to bring forward this action and to vacate the judgment, it was not contended that there was any clerical or other error in entering up the judgment, but it appeared that the same was regularly entered up and in due course of law, and that all parties concerned in this suit were properly before the court; that the plaintiff was prevented from taking out his execution by reason of the order of court staying the same; that the defendant failed to move for a continuance before the entry of the judgment and the adjournment of court ; that the defendant intended to have moved for a continuance of this action to await the result of the cross-suit; that the defendant had no notice that his motion for a new trial had been overruled; that if the defendant had moved for the continuance of this action before the adjournment it would have been granted. The plaintiff contended that upon these facts the court had no power to grant the order and excepted to the same.

*C. H. Chellis*, for the plaintiff.

*R. M. Morse, Jr.*, for the defendant.

GRAY, C. J. Final judgment having been entered, without any error or mistake, in accordance with the order of the court, when all parties were before it, the court had no authority, on motion after the term at which such judgment was entered, to vacate the judgment or stay the execution. *Medford* v. *Dorsey*, 2 Wash. C. C. 433. *Sibbald* v. *United States*, 12 Pet. 488, 492. *Bank of United States* v. *Moss*, 6 How. 31, 38. *Avery* v. *United States*, 12 Wall. 304. *Lander* v. *Gordon*, 7 M. & W. 218. *Terry* v. *Briggs*, 12 Cush. 319. *Barnes* v. *Smith*, 104 Mass. 363.

This is not a case in which the necessary parties had not been summoned in before the judgment was entered, as in *Ex parte Crenshaw*, 15 Pet. 119, and *Stickney* v. *Davis*, 17 Pick. 169; or in which, by misprision of the clerk or other mistake, the judgment entered was not such as was intended, as in *The Palmyra*, 12 Wheat. 1, 10; *Capen* v. *Stoughton*, 16 Gray, 364; and *Lucy* v. *Dowling*, 114 Mass. . It is still less like those in which there had been a mere omission to enter the proper continuances, and the motion to bring the case forward was made before final judgment, as in all the other cases cited in *Marshall* v. *Merritt*, 103 Mass. 45.

The decision in *Marshall* v. *Merritt* cannot be extended by the general expressions in the opinion beyond the peculiar circumstances of the case. Before the judgment had been fully made up or the costs taxed, the party against whom it was rendered sued out a writ of *audita querela*, and the motion to bring forward the original suit was made at the next term after judgment on the *audita querela*. See *Foss* v. *Witham*, 9 Allen, 572. Whatever may be the weight of that decision, if the same question should be again presented for adjudication, it affords no precedent for the action of the judge below in the present case. *Exceptions sustained.**

---

* The St. of 1875, *c*. 33, provides that if upon a petition for setting aside a judgment in any civil action, in which the execution has not been satisfied, " the court shall be of opinion, after notice to the adverse party, that there is sufficient cause, for which by law a review should be granted, the court may vacate said judgment, stay and supersede any execution thereon, and order said action to be brought forward on the docket of the court, to be tried

and disposed of as if said judgment had not been rendered ; " and such petition may be filed, and notice thereof and stay of execution issued, in term time or vacation.