MATTHEW LOCKHEAD & others *vs.* EDWARD J. JONES.
JAMES S. HUNTER *vs.* JOHN M. CLARK.

Suffolk.   Jan. 16. — March 1, 1884.   C. ALLEN & HOLMES, JJ., absent.

Under the Pub. Sts. *c.* 162, if one magistrate has found a debtor guilty upon charges of fraud and sentenced him, and has refused him the oath for the relief of poor debtors, and the debtor has appealed from the judgment on the charges of fraud and recognized to prosecute his appeal, another magistrate, pending the appeal, has jurisdiction to hear and act upon an application of the debtor to take the oath for the relief of poor debtors.

COLBURN, J. The petitioners in the first petition had had the petitioner in the second petition arrested on an execution for debt. On an application by the debtor to Henry W. Bragg, a master in chancery, to take the oath for the relief of poor debtors, the creditors filed charges of fraud against him. Upon a hearing, the master found the debtor guilty upon the charges of fraud alleging that the debtor contracted the debt with an intention not to pay the same, and sentenced him. From this judgment the debtor appealed, and duly recognized to prosecute his appeal. The master also, being of opinion that the debtor had property not exempt from being taken on execution, refused to administer to him the oath for the relief of poor debtors; and he was committed to jail.

Soon after his commitment, but more than seven days after service of the former notice, the debtor applied to Edward J. Jones, a master in chancery, and the respondent in the first petition, to take the oath for the relief of poor debtors. The master gave notice to the creditors of the time and place appointed for an examination of the debtor, and the creditors appeared and objected to the proceedings, and to the jurisdiction of the master, because of the proceedings before said Bragg; but the master overruled their objections, and proceeded with the case; and the creditors brought their petition to a justice of this court for a writ of prohibition to restrain said Jones from proceeding with the hearing. The justice before whom the petition was brought reserved the questions raised for the consideration of the full court; and the master proceeded with the hearing, and administered to the debtor the oath for the relief of poor debtors.

The creditors having notified the keeper of the jail of their claim that said Jones had no jurisdiction in the case, by reason of the prior proceedings, and that they should claim all their rights against him if the debtor was illegally discharged, the jailer refused to discharge the debtor; and he brought his petition for a writ of habeas corpus against the jailer, because of his detention, to the same justice of this court, who admitted the prisoner to bail, and reserved the questions raised for the determination of the full court.

The only substantial question raised, and the only question argued, in either of these cases, is whether, after one master has found a debtor guilty upon charges of fraud and sentenced him, and has refused him the oath, being of opinion that he has property, and he has appealed from the judgment upon the charges of fraud and recognized to prosecute his appeal, another master has, pending the appeal, jurisdiction to hear and act upon an application of the debtor to take the oath for the relief of poor debtors.

We do not understand that it is questioned that the second master would have had jurisdiction, if the first master had refused the oath, and there had been no charges of fraud. That the second master would have had jurisdiction under such circumstances is clear. A debtor who has been refused the oath

cannot recognize as a debtor; Pub. Sts. *c.* 162, § 36; and must remain in jail for life, unless he pays the debt in full, or is released by the creditor, if he cannot make a second application for the oath for the relief of poor debtors. That he may make a second application is apparent, by necessary implication, from the provisions of the Pub. Sts. *c.* 162, § 44. The provision in the Rev. Sts. *c.* 98, § 12, which, by necessary implication at least, has been retained in all the statutes relating to the discharge of poor debtors passed since, is as follows: " If the justices, after the examination of the prisoner, shall not be satisfied that he is entitled to his discharge, he shall be remanded to the prison ; but this shall not prevent him from obtaining his discharge upon new notice to the creditor, and new proceedings before the same or some other justices, in the manner before provided."

This leaves, as the only question, the effect of a judgment of guilty against the debtor, upon charges of fraud, from which he has appealed. The appeal vacated the judgment. If the master had found the debtor not guilty upon the charges of fraud, and the creditor had appealed, and if he was also of opinion that the debtor had no property, he should have administered the oath to him. *Ingersoll* v. *Strong*, 9 Met. 447. *Collamore* v. *Fernald*, 3 Gray, 318. Though the master found the debtor guilty on the charges of fraud, and he appealed and recognized to prosecute his appeal, if the master also found that he had no property, he could not be imprisoned on the execution pending the appeal. *Mowry's case*, 112 Mass. 394.

A debtor may be guilty of fraud in having contracted the debt intending not to pay it, and still have no property within the meaning of the oath for the relief of poor debtors. It is the question under the charges of fraud, and not the question of the debtor's right to take the oath, that is taken to the Superior Court upon the appeal. *Fletcher* v. *Bartlett*, 10 Gray, 491.

It is only after a voluntary default, or upon being found guilty upon a final trial, on the charges of fraud, that the defendant is to " have no benefit from the proceedings under this chapter." Pub. Sts. *c.* 162, § 52. And whatever the effect of this provision may be, it has no effect until a voluntary default or penal conviction upon the charges of fraud.

We are of opinion that, pending an appeal from a judgment upon charges of fraud, a second magistrate has jurisdiction to hear and act upon the debtor's application to take the oath; and, if the oath for the relief of poor debtors is administered to him, he is entitled to be discharged from imprisonment on the execution.

The result is, that the petition for the writ of prohibition is to be dismissed, and that the petition for the writ of habeas corpus is to be granted.                *Ordered accordingly.*

*C. E. Grinnell*, for the petitioners in the first case and the respondent in the second case.

*F. R. Hall*, contra.