CHARLES COWLEY *vs*. LAWRENCE McLAUGHLIN & others.

Middlesex.   March 18. — May 9, 1884.   DEVENS & COLBURN, JJ., absent.

In an action of tort, in the Superior Court, against three defendants, a verdict was returned for the defendants, and the plaintiff moved for a new trial. Pending this motion, one of the defendants died, and his death was suggested of record. The court granted the motion for a new trial as against one of the remaining defendants only. The plaintiff subsequently filed a paper in the case, stating that he discontinued the action, and consented that judgment be entered for the defendants for costs. The clerk thereupon entered upon the docket, "Plaintiff discontinues action," and "Judgment for defendants by consent." The clerk subsequently, in vacation, struck out the second entry, and continued the case on the docket. At a subsequent term, the judge ordered judgment for the defendant who had died, as of the term when the verdict was rendered; for the defendant against whom a new trial was granted, as of the term of the discontinuance; and for the other defendant, as of the then term. *Held*, that the plaintiff had no ground of exception.

TORT, in four counts, against Lawrence McLaughlin, Ann McLaughlin, and Elbridge G. Moulton. The defendants filed separate answers.

At the trial, at December term 1879, the jury returned a verdict for all the defendants upon all the counts, and the plaintiff alleged exceptions, which were subsequently waived. After the verdict, the plaintiff filed a motion for a new trial, on the ground of newly discovered evidence, and, upon this motion, the court, at March term 1881, ordered a new trial as to the defendant Lawrence McLaughlin only, upon the fourth count of the declaration, leaving the verdict to stand on all the counts as to both the other defendants, and as to Lawrence McLaughlin on all the counts except the fourth.

Pending the motion for a new trial, the defendant Moulton died, and his death was suggested of record. On the last day of said March term the plaintiff filed a paper, stating, among other things, that he discontinued the action, " and consents that judgment be entered for the defendants for costs; " and at his request, the following words, " May 11. Plaintiff discontinues action, etc.," and " May 11. Judgment for defendants by consent," were written upon the docket by the assistant clerk, without any direction from the court, and without the knowledge of the defendants or of their counsel; and the court

adjourned without day, without the attention of the presiding justice having been called to the paper so filed, or the words so entered upon the clerk's docket.

In the vacation after the March term, the attention of the clerk having been called by the defendants to the paper filed May 11, and to the words entered on the docket under that date, the clerk erased all of the words so entered except " May 11. Plaintiff discontinues action," and kept the case upon the docket of the next term of the court, and of every succeeding one, including the present.

At March term 1882, the defendant Ann McLaughlin filed a motion to strike out certain parts of said paper filed by the plaintiff on May 11, 1881.

The plaintiff, ever since March term 1881, has contended that this action terminated at said March term, upon the filing by him of the paper of May 11, 1881, and the writing of the words set forth upon the docket on that day, and that the action has not since been pending, and that the parties have ever since been out of court; and has repeatedly requested the clerk to drop the same from the docket, and the court to order the same to be so dropped, and, at March term 1883, filed a written motion to instruct the clerk to strike the case from the docket; but the court has made no order concerning the matter.

At September term 1883, the defendant Ann McLaughlin called up her motion to strike out, filed May 8, 1882, and moved for judgment on the verdict. The plaintiff contended that said order ought not to be made, and that no order should be made except to direct the clerk to make up his record of judgment for the defendants as of March term 1881, or as of some term prior thereto; and asked the judge to rule as follows: " 1. This action is no longer pending; but it terminated at March term 1881. 2. The defendants are not, and neither of them is, entitled as of right to have judgment entered as of any term later than March term 1881. 3. The court has no power to enter judgment in favor of Ann McLaughlin at this term as of any later term than said March term. 4. The power to enter judgment *nunc pro tunc* does not authorize the court to enter judgment as of any later term than that when the plaintiff consented to judgment for the defendants. 5. There are no facts

shown to justify the court, as a matter of discretion, to enter a judgment later than said March term 1881."

*Barker*, J., found as a matter of fact that said action was still pending in court, and had not been disposed of, and that no judgment had been rendered therein; refused to rule as requested by the plaintiff; allowed the motion of the defendant Ann McLaughlin to strike out, and ordered the words referred to in said motion to be stricken out; ordered that judgment be entered on the verdict as of December term 1879 in favor of the defendant Moulton, and for Ann McLaughlin as of the present term, and for Lawrence McLaughlin as of March term 1881; and allowed exceptions alleged by the plaintiff to the refusals to rule as requested by him, and to the above orders of the court.

*C. Cowley, pro se.*

*W. F. Slocum,* for Ann McLaughlin.

MORTON, C. J. The entry, "Judgment for defendants by consent," made upon the docket of the March term 1881 by the assistant clerk, was an error, and it was competent for the court or the clerk to correct it when it was discovered. No judgment had been ordered by the court, and no judgment could properly be entered by the clerk under the general order passed at the end of each term. This order is, in substance, that judgment be entered in all cases ripe for judgment, and that all other matters be continued. The case at bar was not ripe for judgment at the end of the March term 1881, and the clerk could not properly enter judgment without a special order of court. The plaintiff had filed a paper in which he says that he discontinues the action, and consents that judgment be entered for the defendants for costs. In many cases, such a paper would bring the action within the operation of the general order. But, in the case before us, it appeared of record that Moulton, one of the defendants, had died after the verdict, and while the plaintiff's motion for a new trial was pending. Under these circumstances, it was competent for the court to enter a judgment in favor of Moulton as of the term when the verdict was rendered, *nunc pro tunc;* but the clerk could not properly enter any judgment without a special order of court. Pub. Sts. *c.* 171, § 7. *Reid* v. *Holmes,* 127 Mass. 326. When the case was brought

to the attention of the court at September term 1883, the court did not attempt to vacate a judgment previously rendered; but it properly found as a fact, that no judgment in the case had ever been rendered, and then proceeded to render judgments.

The judgments then rendered were within the discretion of the court, and no exception lies to its several rulings and orders.

*Exceptions overruled.*