HELEN M. KEITH *vs.* CHARLES H. McCAFFREY.

Suffolk.   March 7. — July 1, 1887.   FIELD, C. ALLEN, & GARDNER, JJ.,
                              absent.

*It seems,* that the Pub. Sts. *c.* 171, § 1, providing that "the court may enter up
  judgment upon default at any time after four days from the day of default," do
  not apply to proceedings upon a complaint under the bastardy act, Pub. Sts.
  *c.* 85; and that a judgment in such proceedings is not irregular because entered
  on the day of a default.
If the respondent in a bastardy complaint appears and answers, and is defaulted
  because not present when the case is called for trial, and judgment is entered on
  the default, and he did not intend to make default, and his absence is reasonably
  explained, and if, at a hearing upon his motion that the judgment be vacated,
  made at the same term of the court at which the judgment was entered, he
  shows circumstances from which the judge finds that the judgment ought to be
  vacated and a trial allowed, it is within the authority of the judge to find that
  the judgment was rendered by mistake, and to bring forward the case and
  vacate the judgment.

W. ALLEN, J.   The respondent in a complaint under the bas-
tardy act, Pub. Sts. *c.* 85, was defaulted for failing to appear
when the case was called for trial, and, on the same day, a judg-
ment was entered against him.   Subsequently, at the same term,
he made a motion that the judgment be vacated, for the reason
that it was entered by mistake.   After a hearing upon the motion,
the judge filed a ruling, which recited that he was not satisfied
that the judgment was entered by mistake, or was irregular, and
stated certain facts or findings in regard to the default, and con-
cluded in these words: "I deny the motion for the reason that I
doubt the authority of the court to grant in this manner the relief
sought for."   We understand the question intended to be pre-
sented by the ruling, which is in the nature of a report of the
case, to be, whether, upon the record and the statements in the
ruling, the court had authority to grant the motion.   The court
did not find as a fact that the judgment was, or that it was not,
entered by mistake.   The principal mistake relied on by the
respondent was in irregularly and inadvertently entering the
judgment within four days after the default, in disregard of
the Pub. Sts. *c.* 171, § 1.   This would be a mistake of the court
in irregularly rendering the judgment.   The other mistake sug-
gested was, not of the court in entering the judgment, but of the

respondent in suffering the default upon which the judgment was founded. We understand the ruling of the judge, that he was not satisfied that the judgment was entered by mistake or was irregular, to have more particular reference to the former of the alleged mistakes, and to have been intended as a ruling that there was no irregularity found, and not a finding of fact that the judgment was not entered by mistake; and the whole ruling to present the questions whether, by reason of the supposed irregularity, or of the facts and findings relative to the default, the court had authority to find that the judgment was rendered by mistake, and to vacate it for that reason.

Upon the first question, we are inclined to think that the Pub. Sts. *c.* 171, § 1, do not apply to these proceedings, and that the judgment was not irregular because entered on the day of the default.

In regard to the other question, we think that the facts stated. are sufficient to authorize a finding that the judgment was entered by mistake.

The authority of a court over a judgment which it has rendered, to bring the cause forward and vacate the judgment for the reason that it was entered by fraud, or by the mistake of the court or of the party, is well settled. *Edson* v. *Edson,* 108 Mass. 590. *Marshall* v. *Merritt,* 103 Mass. 45. *Stickney* v. *Davis,* 17 Pick. 169. *Capen* v. *Stoughton,* 16 Gray, 364. *Commonwealth* v. *Weymouth,* 2 Allen, 144. *Mason* v. *Pearson,* 118 Mass. 61. *Cannan* v. *Reynolds,* 5 El. & Bl. 301. *Atwood* v. *Chichester,* 3 Q. B. D. 722.

It is not necessary that the mistake should be of the court, or in the mere rendering or entry of the judgment. A judgment regularly entered upon a default suffered by mistake, may be said to be rendered by mistake. When, as in this case, a party appears and answers, and is defaulted because he is not present when the case is called for trial, and judgment is entered on the default, when he did not intend to make default, and his absence is reasonably explained, and he shows circumstances from which the court finds that the judgment ought to be vacated and a trial allowed, we think that the court might and ought to find that the judgment was rendered by mistake. It would be within the authority and in the discretion of the court to bring forward the

case and vacate the judgment for that reason.    One considera-
tion, among many others, in determining that discretion would
be the lapse of time after the judgment was entered; another
would be the sufficiency of other remedies.    Without regard to
the question whether the Pub. Sts. *c.* 187, § 17, include the judg-
ment in this case, and provide another remedy, and having
regard to the fact that the motion to vacate the judgment was
made at the same term or sitting of the court at which the judg-
ment was entered, we have no doubt that the court had authority
to bring forward the case and vacate the judgment, either on
petition or on motion.                    *Exceptions sustained.*

  *G. B. Upham & F. W. Proctor*, for the respondent.
  *T. E. Barry*, for the complainant.