## B. MORRILL NOYES *vs.* WILLIAM E. MANNING.

Suffolk.    March 8, 1893. — September 5, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Poor Debtor — Administering of Oath — Charge of Fraud — Removal
of Nonsuit.*

Under the Pub. Sts. c. 162, §§ 39, 52, the judge of a municipal court has no authority
to administer the oath for the relief of poor debtors concurrently with his finding
the debtor guilty upon a charge of fraud, and his act of administering the oath
under such circumstances is a mere nullity.

Upon an appeal from the finding of a municipal court on a charge of fraud filed by
a creditor, under the Pub. Sts. c. 162, § 17, upon his debtor's application to take
the oath for the relief of poor debtors, it is within the discretionary power of the
Superior Court to remove, at the same term in which it was entered, a nonsuit
of the creditor upon which no judgment has been entered.

CHARGE OF FRAUD, filed under the Pub. Sts. c. 162, § 17.
Trial in the Superior Court, before *Bishop*, J., who allowed
a bill of exceptions, in substance as follows.

The defendant applied to the Municipal Court of the City of
Boston to take the oath for the relief of poor debtors, on which
application an examination was had upon the issue whether he
had property above twenty dollars which could be taken on
execution.

Pending the examination, a charge of fraud was filed by the
creditor, namely, that, at the time the defendant contracted the
debt on which judgment was rendered, he intended not to pay
the same; and, after the filing of the charge, the examination
proceeded in that court.   The judge found that the defendant did
not have property above the amount of twenty dollars which
could be taken on execution, and administered the oath for the
relief of poor debtors, found him guilty of the charge of fraud,
sentenced him to imprisonment, and attached his certificate
thereof under the statute.

The defendant appealed from the finding and sentence on the
charge of fraud, and recognized according to law to enter his
appearance in the Superior Court.

When the case was first called for trial, neither the creditor
nor his attorney was present, and the creditor was nonsuited.

Against the objection of the defendant, the nonsuit was removed at the same term ; and the defendant excepted.

The defendant asked the judge to rule as follows : " The administering the oath for the relief of poor debtors in the Municipal Court to the debtor was a legal discharge of the defendant from the charge of fraud, and is a bar to the proceedings here." The judge refused so to rule.

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

The case was argued at the bar in March, 1893, and afterwards was submitted on the briefs to all the judges.

*P. J. Casey*, for the defendant.

*J. J. Feely*, for the plaintiff.

ALLEN, J. We are all of opinion that the Superior Court rightly refused to give the ruling which was asked. A majority of the court is of opinion that, under Pub. Sts. c. 162, §§ 39, 52, the judge of the Municipal Court had no authority to administer the oath concurrently with his finding the debtor guilty upon the charge of fraud, and that his act of administering the oath under such circumstances was a mere nullity ; the case being distinguishable from *Lockhead* v. *Jones*, 137 Mass. 25, where the oath was not administered until an appeal had been taken from the conviction upon the charge of fraud, and a new application had been made by the debtor after the entry of the appeal. A minority of the court think, that under the decision of *Lockhead* v. *Jones* the oath was lawfully administered, but that it nevertheless did not have the effect to discharge the debtor upon the charge of fraud. In either view, the debtor was properly convicted upon the charge of fraud.

It was within the discretionary power of the Superior Court to remove the nonsuit. Both in civil and criminal cases an order of court may be revised at the same term or sitting of the court. *Commonwealth* v. *Weymouth*, 2 Allen, 144. *Lowe* v. *Brigham*, 3 Allen, 429, 430. *Keith* v. *McCaffrey*, 145 Mass. 18. The charge of fraud was in the nature of a suit at law ; the defendant's recognizance bound him to abide the final judgment ; and there is no statute which entitled him to an absolute discharge on the mere entry of a nonsuit. Pub. Sts. c. 162, §§ 49–52. *Everett* v. *Henderson*, 150 Mass. 411, 418. No judgment had been entered upon the nonsuit.　　　　*Exceptions overruled.*