THOMAS KELLY, trustee, *vs.* HELEN V. FOLEY.

Suffolk.    May 8, 1933. — December 1, 1933.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & DONAHUE, JJ.

*Judgment.    Trustee Process.    Practice, Civil,* Appellate Division: juris-
diction, report; Discharge of trustee; Entry of judgment; Rule 34
of the Municipal Court of the City of Boston (1932). *Jurisdiction.*
*Words,* "Ripe for judgment."

The jurisdiction of the Appellate Division of a district or a municipal
court is confined to questions of law raised before the action is ripe
for judgment and does not extend to matters raised after the entry
of a valid judgment; and therefore an appellate division has no juris-
diction of a petition to establish a report which seeks to raise ques-
tions relating to rulings made after what the petitioner contends is
the entry of a final judgment in the action.

Where the entries on the docket of a municipal court respecting an action
begun by trustee process disclosed at 10 A.M. on a Friday that the
defendant had been defaulted, that claims by adverse claimants to
funds admitted by the alleged trustee to be in his hands had been heard
by the judge and decision thereon had been reserved, and that the
plaintiff had discharged the trustee, the action was not "ripe for
judgment" within the provisions of Rule 34 of the Municipal Court
of the City of Boston (1932), and a judgment for the plaintiff then
entered by the clerk was invalid.

While one, who has filed a claim to funds in the hands of an alleged
trustee in an action begun by trustee process, has no right to a judg-
ment in his favor against the trustee, the defendant, or another
claimant, or, except for costs, against the plaintiff, he has a right to
an adjudication of the matter of his claim which will become *res*
*judicata* binding the other parties to the proceeding, and neither the
plaintiff nor another party, after the claim has entered upon a hearing,
is free to deprive him of that adjudication without his assent or an
order of the court: he is entitled to a record of an adjudication re-
specting his right.

A court after entry of a final judgment has jurisdiction to correct
errors of its clerk.

In the action and in the circumstances above described, it was proper for
the judge, before whom the claims to the fund in the possession of
the alleged trustee were heard, to grant a motion, presented by the
adverse claimant five days after the entry by the clerk upon the
docket of judgment for the plaintiff, that there be entered upon the
docket, *nunc pro tunc* as of 9:30 A.M. on the Friday in question, the fact
that at that time a finding had been made for the adverse claimant.

A report of a judge of a district court under G. L. (Ter. Ed.) c. 231, § 108, is the report of the trial judge, although the rules of the court may require preparation of a draft report by the party requesting the report; and the judge has authority and a duty to include in such a report all material facts bearing upon questions of law raised by the claim for a report.

CONTRACT. Writ in the Municipal Court of the City of Boston dated August 18, 1932.

Proceedings in the Municipal Court before *Adlow*, J., are described in the opinion.

*H. R. Donaghue*, for the plaintiff.

*G. A. Stavros*, (*B. L. Schwalb* with him,) for the claimants.

WAIT, J. This is an appeal from orders of an appellate division denying a petition to establish a report and dismissing a report.

Thomas Kelly, trustee, brought an action by trustee process in the Municipal Court of the City of Boston against Helen V. Foley on a promissory note and summoned The Atlantic National Bank of Boston, The First National Bank of Boston and The National Shawmut Bank of Boston as trustees. The First National Bank of Boston answered funds in the names of Helen V. Foley, Helen V. Foley, agent, and Helen V. Foley, trustee. On September 27, 1932, a petition was filed by Nora and Katheryn C. Donoghue claiming the funds standing in the name of Helen V. Foley, trustee, alleging ownership of such funds, praying that the attachment be discharged as to such funds and that the claim be sustained. On the same day Sewall W. Abbott and others, trustees under the will of John Brewster, filed their petition alleging ownership of the funds in The First National Bank of Boston standing in the name of Helen V. Foley, agent, and praying that the attachment as to these funds be discharged and their claim be sustained. The defendant was defaulted on October 3, 1932, when the action appeared on the trial list. Defendant's motion to discharge the trustee was denied. The claimants' petitions were heard by a judge of the court on November 16 and 17, 1932. The judge reserved his decision. On November 18, 1932, at 9:50 A.M. the plaintiff discharged the trustees, and at ten o'clock judgment was entered for the

plaintiff on his note. On November 23, 1932, the claimants filed a motion that a finding on their claimants' petitions be made as of Friday, November 18, 1932, at 9:30 A.M. The judge allowed the motion to be filed and allowed the motion. The plaintiff before argument filed requests for rulings of which the judge granted, (2) "The judgment entered by this honorable court was in conformity with the General Laws," and (4) "The plaintiff as a matter of law has an absolute right to discharge the trustee at any time." No objection nor request for report on the granting of these requests was made. The judge denied the other requests for rulings. On November 25, 1932, the plaintiff duly claimed a report. A draft report setting out the foregoing was presented for his signature to the judge who refused to sign it; but signed a report containing, in addition, statements that on November 18, before the opening of the court at 9:30 A.M., the judge made findings establishing the claimants' petitions and handed them to the assistant clerk who did not file them with the clerk until after 10 A.M. when, it appearing that the trustees had been discharged and the case gone to judgment, nothing further was done by the clerk with regard to the findings. The plaintiff contends that the judgment entered at 10 A.M. on November 18 was a final judgment and that, thereafter, the judge had no jurisdiction over the case. He further urges that since the judge ruled, without exception or request for report, that the plaintiff had an absolute right to discharge the trustee at any time and that the judgment entered was in conformity with the General Laws, those rulings have become the law of this case and, as a result, establish his contention that the judgment is final.

The essential question for decision is whether the judgment entered put an end to authority of the court to act further in the case. A preliminary question, however, is presented — whether the Appellate Division had jurisdiction to deal with the plaintiff's petition for establishment of the draft report rejected unless as amended by the trial judge, and for any report. The question of jurisdiction may be raised by the court itself, and here the Appellate

Division did so.   G. L. (Ter. Ed.) c. 231, § 108, provides:
"Any party to a cause brought in the municipal court of
the city of Boston . . . aggrieved by any ruling on a mat-
ter of law by a single justice, may, as of right, have the
ruling reported for determination by the appellate division
when the cause is otherwise ripe for judgment, or sooner
by consent of the justice hearing the same." The juris-
diction of the Appellate Division is, therefore, confined to
questions of law raised before the case is ripe for judgment
and does not extend to matters raised after the entry of a
valid judgment.   The validity of the judgment entered on
November 18 is, thus, the test of the jurisdiction here.   All
that is challenged by the plaintiff's petition or report took
place after the entry of that judgment.   He has mistaken his
remedy, if the judgment is, as he contends it to be, a valid
judgment.   See *Lynn Gas & Electric Co.* v. *Creditors National
Clearing House,* 235 Mass. 114, and *Lynn Gas & Electric Co.*
v. *Creditors National Clearing House, Inc.* 237 Mass. 505.

The judgment, however, is not valid.   The statute G. L.
(Ter. Ed.) c. 235, § 2, and Rule 34 of the Municipal Court
of the City of Boston (1932) provide that judgment in
civil actions and proceedings ripe for judgment shall be
entered by the clerk, unless the party entitled thereto other-
wise requests in writing and the court otherwise orders, at
ten o'clock in the forenoon of Friday of each week; or at
any time on notice and motion in a case ripe for judgment.
As stated in the case of the *Lynn Gas & Electric Co.* v.
*Creditors National Clearing House, Inc.,* just cited (237 Mass.
505, 507), it is not easy to give a definition universally
applicable to "ripe for judgment."   One sufficiently broad
is there quoted from *American Wood Working Machinery
Co.* v. *Furbush,* 193 Mass. 455, 457: "when, under the last
entry, the case seems to have been brought to a final de-
termination, and everything seems to have been done that
ought to be done before the entry of a final adjudication
upon the rights of the parties."   Within that definition
the case before us was not ripe for judgment.   See *Nor-
cross* v. *Crabtree,* 161 Mass. 55.   In *Bennett* v. *Powell,
ante,* 246, 248, more than a year had elapsed after entry

of judgment and thereby a further statutory provision
had become applicable.  The record before the clerk at
ten o'clock on Friday, November 18, it is true, showed
a default of the defendant in an action on a promissory
note and the discharge of the trustees, but it also showed
a hearing on adverse claimants' petitions in which deci-
sions were reserved.  If the adverse claimants were parties,
there was no final adjudication upon their rights.  It was
not for the clerk to decide that they were not parties; or
that the discharge of the trustees by the plaintiff without
approval by the court precluded action by the court with
reference to the adverse claimants which, though not
entitling them to a judgment, could, nevertheless, establish
rights in them.

An adverse claimant's right in the trustee process is
wholly the creation of statute.  He is made a party to the
proceeding.  *Boylen* v. *Young*, 6 Allen, 582.  *Fuller* v.
*Storer*, 111 Mass. 281.  *Gifford* v. *Rockett*, 119 Mass. 71.
*Hubbard* v. *Lamburn*, 189 Mass. 296.  *Zani* v. *Phandor Co.*
281 Mass. 139, 146, 149.  He has no right to a judgment
in his favor against the trustee, the defendant, or another
claimant, or, except for costs, against the plaintiff.  *Gif-
ford* v. *Rockett*, 119 Mass. 71.  *Fuller* v. *Storer*, 111 Mass.
281.  See *Peck Brothers & Co.* v. *Stratton*, 118 Mass. 406.
Yet he has a right to an adjudication of the matter of his
claim, an adjudication which will become *res judicata* bind-
ing the other parties to the proceeding.  *Shapiro* v. *Park
Trust Co.* 253 Mass. 383.  *Wilde* v. *Mahaney*, 183 Mass.
455.  Since this is so, neither the plaintiff nor another party,
after the proceeding has entered upon a hearing, *Shaw* v.
*Boland*, 15 Gray, 571, is free to deprive him of that adjudi-
cation without his assent or an order of the court.  He is
entitled to a record of the adjudication of his right.  Until
some record of the disposition of that right appears upon the
docket the cause is not, even seemingly, ripe for judgment.
On the face of the record in this case not everything has
"been done that ought to be done before the entry of a
final adjudication upon the rights of the parties."  The
plaintiff, as the judge ruled, may have an absolute right

to discharge a trustee, and to take judgment against the defendant. See *Jarvis* v. *Mitchell,* 99 Mass. 530; *Dalton-Ingersoll Co.* v. *Fiske,* 175 Mass. 15; but this does not include, necessarily, a right to prevent the adjudication of the claimant's rights and the entry of the decision upon them. This last right is what the plaintiff here is seeking to maintain. His argument in substance is that, rightly or not, a final judgment has been entered on the docket, and thereby the jurisdiction of the court over the cause has come to an end.

To the rule that a court has no jurisdiction in a cause after the entry of a final judgment, the exception is well recognized that it has jurisdiction to correct errors of the clerk. *Karrick* v. *Wetmore,* 210 Mass. 578, 579. *Wetmore* v. *Karrick,* 205 U. S. 141. *Mason* v. *Pearson,* 118 Mass. 61, 63. *Cowley* v. *McLaughlin,* 137 Mass. 221. In *Shawmut Commercial Paper Co.* v. *Cram,* 212 Mass. 108, the claimant had not become a party before judgment was entered. Here there was such error. Not only did the record show a reservation of decision at the hearing on the adverse claims which indicated that the case was not ripe for judgment, but there was further error of the assistant clerk. At or before 9:30 A.M. findings on the claims had been made and had been handed to the assistant clerk for record on the docket. It was the duty of the assistant clerk to make such record at once. He did not do so, and he made no report to the clerk in regard thereto after he found that judgment had been entered. Such an error the clerk could have corrected of his own motion. *Cowley* v. *McLaughlin,* 137 Mass. 221, 223. There was a failure to record what had been ordered recorded. The court on motion could make its record complete and truthful. *Barringer* v. *Northridge,* 266 Mass. 315, 318. *Everett-Morgan Co.* v. *Boyajian Pharmacy,* 244 Mass. 460.

It is to be noted that the motion was not for vacation of the judgment. It was for an amendment of the record. There was no occasion for any change in the words of the record of judgment. Judgment for the plaintiff on the discharge of the trustees was proper. *Dalton-Ingersoll Co.*

v. *Fiske*, 175 Mass. 15. The insertion on the docket of the omitted record, as of November 18, and the filing of the judge's findings, nevertheless, affected substantially the content of the judgment; because, thereby, the adverse claimants obtained a record, binding upon other parties, which established their claims and, so far as they were concerned, freed the funds admitted to have been in the trustees' possession from further attachment by the plaintiff. *Shapiro* v. *Park Trust Co.* 253 Mass. 383.

An entry *nunc pro tunc* was an appropriate order. The matter recorded was dealt with on November 18 and should have been recorded on that day. *Warner* v. *Pittsfield*, 231 Mass. 138, 141. *Perkins* v. *Perkins*, 225 Mass. 392, 396, *et seq.*

A report under G. L. (Ter. Ed.) c. 231, § 108, although the rules of court require preparation of a draft report by the party claiming the right, is the report of the presiding judge. He has a right to insert in it what he deems material to a full and true statement of the point of law involved. The draft report omitted reference to much that the court had done on November 18. The judge had authority, and, we think, a duty, to include a statement of these occurrences in his report. *Vengrow* v. *Grimes*, 274 Mass. 278, 279. See *Silano* v. *Carosella*, 272 Mass. 203, 205; *Cohen* v. *Price*, 273 Mass. 303, 306.

It follows that the Appellate Division here was acting within its jurisdiction, and was free from error in passing upon the merits of the judge's report. The plaintiff by discharging the trustees could not cut off the claimants' rights to a complete record, nor take a valid judgment, final as to all parties, except by order of the court, at a time when the docket disclosed that decision on their rights was reserved. In the case before us the trial judge was not in error in acting upon a motion to amend the record, and in so amending the record by an entry to be made *nunc pro tunc.*

*Orders of Appellate Division affirmed.*