Robbins, J.
This is an action for goods sold and delivered against Herman G. Lenois and Ralph H. Lenois individually and as co-partners doing business as H. G. Lenois & Son, whose answer is a general denial and a claim that Ralph H. Lenois never was a co-partner of H. G. Lenois & Son.
The evidence tended to show that previous to the sales alleged, the defendant, Herman G. Lenois, had conducted a painting contracting business under his own name, and had had poor credit; that he then began to advertise in newspapers and the city directory under the name “H. G. Lenois & Son, ’ ’ that at this time one and only one of his sons, the said Ralph H. Lenois, was working for his father, although he was not in fact a partner in the business; that both the plaintiff and the defendant, Ralph H. Lenois, saw these advertisements, but the latter made no objection thereto and did not indicate to the plaintiff that he was merely his *222 father’s employee, although he came into the plaintiff’s store to buy materials to be used by his father on painting jobs; that the defendant, Herman Gr. Lenois, when buying the materials for which this suit is brought, represented that they were to be paid for by two owners on whose houses they were to be used; and that when the plaintiff billed the two owners he found that they had already paid the defendant, Herman Gr. Lenois, for these materials.
The plaintiff seasonably filed requests for three rulings of law, all of which were given by the Court, who found for the plaintiff as against the defendant, Herman Gr. Lenois, but found for the defendant, Ralph H. Lenois.
When, as in this case, the Court grants all of a party’s requests for rulings of law, and no claim is made that these rulings have not been properly applied to the facts, it would be extraordinary to find that such a party was aggrieved by any ruling on a matter of law.
The case before us has some unusual features. The report shows that the Court, in making its decision, made five findings of fact requested by the plaintiff and refused to make one requested finding. This, of course, is no grievance, as only matters of law can be brought to the Appellate Division. G. L. c. 231, § 108; Kelley v. Foley, 284 Mass. 503, 506.
At the hearing on the draft report the Court made three further findings of fact. To make such findings of fact at that time was highly irregular, but the Court may have the authority to do so. One of these findings was that there was no evidence that at the time the merchandise was delivered the plaintiff relied upon the credit of Ralph H. Lenois, which finding certainly was of no help to the plaintiff.
The report later states that the decision was based upon a denial of the following proposition: “Where, although a *223 father and son are not in fact partners, the father holds his son out as such and a partnership hy estoppel is found to exist under G. L., c. 108 A, § 16, then such son is liable for his father’s misrepresentation that certain merchandise bought by the father for use in his business while such son is in his employ is to be paid for by a third party.”
Then the report states that the case' is reported because the plaintiff claims to be aggrieved by the Court’s denial of the above proposition. Yet it nowhere appears that the plaintiff requested any ruling setting forth that proposition, and nowhere is there any finding that a partnership based on estoppel existed between father and son. Apparently the denial of the proposition also took place at the hearing on the draft report. We do not believe that the so-called proposition is properly before us.
The proper way to present a question of law to a District Court is by a request for a ruling. Morse v. Homer’s Inc., 295 Mass. 606, 607. Rule 27. Since no request was filed based on the so-called proposition, the plaintiff is not aggrieved. The report is to be dismissed.