## FRANKLIN COUNTY.

### JAMES JARVIS vs. ROBERT B. MITCHELL & trustee.

A plaintiff in a trustee process, in whose favor final judgment is rendered against the prin-
cipal defendant, but the trustee discharged, in the superior court, and who, after appeal-
ing from the discharge of the trustee, takes out execution in that court against the prin-
cipal defendant, thereby waives his appeal.

TRUSTEE PROCESS. In the superior court, judgment was ren-
dered for the plaintiff against the principal defendant; and the
trustee was discharged. From the order discharging him the
plaintiff appealed, and, pending the appeal, took out execution
on his judgment against the principal defendant; but never
placed it in the hands of an officer for service. Upon these facts
(which were agreed in writing by the parties as a substitute for
more formal proof) the trustee now moved to dismiss the plain-
tiff's appeal.

*D. Aiken & W. S. B. Hopkins,* ( *C. C. Conant* with them,) for
the trustee.

*G. W. Bartlett,* for the plaintiff.

GRAY, J. The decision of the question presented by this mo-
tion must be governed by the statutes of the Commonwealth,
and little light can be obtained from other laws upon the sub-
ject. Although our proceeding by trustee process was doubtless
derived from the ancient custom of foreign attachment in Lon-
don, it differs from that in many important particulars, and
among others in the form and effect of the judgment.

In proceedings under the custom of London, the defendant is
not personally served with notice of the action, and cannot ap-
pear and defend without putting in special bail to dissolve the
attachment; if he does not appear and give bail, the judgment
is limited in its effect to the debt due to him from the garnishee;
if he does, the attachment is dissolved, and the judgment is
against him only. *Tamm* v. *Williams,* 3 Doug. 283. *Day* v
*Paupierre,* 13 Q. B. 802. *Mayor & Aldermen of London* v. *Cox,*
Law Rep. 2 H L. 265 266. Drake on Attachment, §§ 1, 4, 5.

The Prov. St. of 32 Geo. II. (Anc. Chart. 614); the St. of 1788, *c.* 16, § 4; and the St. of 1794, *c.* 65, revising the whole subject, and drawn, as we learn from Mr. Dane, by Chief Justice Parsons; 6 Dane Ab. 496; followed in many respects the English custom, and required a summons to be left at the de‹ fendant's last and usual place of abode, if any, in Massachusetts, and authorized a judgment against him, upon which execution might issue against any person summoned as trustee in the suit. The form of the writ, as established by the St. of 1794, *c.* 65, § 1, and confirmed by the Rev. Sts. *c.* 109, § 3, and Gen. Sts. *c.* 142, § 3, is in the ordinary form of a writ of summons and attachment, with a further direction to the officer to summon the alleged trustee to show cause why execution to be issued upon such judgment as the plaintiff may recover against the principal defendant should not issue against his goods, effects and credits in the hands of such trustee; and the execution contains a corresponding recital. St. 1794, *c.* 65, § 5. Under the St. of 1794, it was not necessary to render any judgment against the trustee, but his liability, if he did not pay over the funds in his hands on the execution, was left to be settled upon *scire facias* against him. *Dyer* v. *Stevens,* 6 Mass. 389. *Bickford* v. *Boston & Lowell Railroad Co.* 21 Pick. 110.

But, by the more recent statutes, any person summoned as trustee and found chargeable is to be " adjudged trustee in the original suit," and although the amount for which he is chargeable need not be specified in the judgment, but may be left to be ascertained upon *scire facias,* yet it may be and often is ascertained before the first judgment, and, if actually so tried and determined, the plaintiff is not entitled as of right to contest it anew upon *scire facias.* Rev. Sts. *c.* 109, §§ 38, 42, 43. Gen. Sts. *c.* 142, §§ 32, 33, 39. *Collins* v. *Smith,* 12 Gray, 436. *Brown* v. *Tweed,* 2 Allen, 566. " The judgment against a trustee " discharges him from all demands by the principal defendant for money paid by him on the execution " by force of such judgment," if the judgment is valid on its face, even if it was erroneous, and he did not appeal. Rev. Sts. *c.* 109, § 47. *Burnap* v. *Campbell,* 6 Gray, 241. *Morrison* v. *New Bedford Institution*

*for Savings,* 7 Gray, 270. *Wheeler* v. *Aldrich,* 13 Gray, 51. *Dole* v. *Boutwell,* 1 Allen, 286. *Webster* v. *Lowell,* 2 Allen, 123. Gen. Sts. *c.* 142, § 37. If " he is adjudged trustee," he may retain out of the funds in his hands, his costs and charges, as ascertained and taxed by the judgment of the court; and if the amount for which he appears by his answer to be chargeable is insufficient to pay his costs, he is entitled to judgment and execution immediately against the plaintiff for the balance, without waiting for a *scire facias* to be brought against him. Rev. Sts. *c.* 109, § 50. *McLaughlin* v. *Western Railroad Co.* 12 Cush. 131. St. 1845, *c.* 188. *Miller* v. *Carrier,* 11 Gray, 19. Gen. Sts. *c.* 142, § 61. There is nothing in these provisions to authorize separate judgments against the principal defendant and the trustee. On the contrary, they all contemplate that the question whether the trustee is chargeable at all, as well as of the amount of his liability, so far as it is to be ascertained before bringing *scire facias* against him on the judgment, shall be tried and decided before rendering the judgment for the plaintiff.

Under our present system of practice, the plaintiff's appeal from the discharge of the trustee transferred that question only, and not the whole case, to this court. Gen. Sts. *c.* 115, § 12. The case remained in the court below. If the plaintiff intended to proceed further against the trustee, he should have had the case continued for judgment against the principal defendant. By taking final judgment and execution against him there, (as it is admitted that he did,) before the trustee had been charged by the court, he waived all further proceedings against the trustee, as much as if he had entered of record a discontinuance or a release. *Esty* v. *Flanders,* 16 N. H. 218.

In *Spring* v. *Ayer,* 23 Verm. 516, in which, after final judgment had been rendered and execution issued against the principal defendant and had been satisfied in part, the trustee was adjudged in the same suit to be chargeable for the residue, the opinion is confined to the question of issuing separate executions against the defendant and the trustee, and the difficulty of trying and deciding after final judgment in the case the question whether the trustee is or is not liable at all does not appear to have been considered. *Appeal dismissed.*