CHARLES F. DUNBAR & others *vs.* CHARLES H. BAKER.

An order of the superior court that judgment should be entered for the plaintiff in an action as of the last day of the preceding term, in accordance with an order made by it at that term, cannot be revised by this court on the ground that, after the original order, but before the close of said term, the defendant petitioned to be adjudged a bankrupt, and filed a motion for the continuance of the case, if he failed to bring the motion to the notice of the court until after the end of the term.

CONTRACT. At October term 1869 of the superior court the defendant was defaulted, and, by consent of parties, the court ordered that judgment should be entered for the plaintiff at the end of the term. The term ended on December 18, but on December 16 the defendant filed in the clerk's office of the superior court the following writing: "And now before judgment, the defendant comes and suggests his bankruptcy, and alleges that proceedings therein are now pending against him, and moves that the case be continued to await said proceedings." No notice was given to the plaintiffs of the filing of this motion, and they did not know of it until after the close of the term. The matter of the motion was not brought to the attention of the court, and no order was passed by the court in the case subsequently to the order for judgment. The defendant filed his petition in bankruptcy on December 16. On December 20 he was adjudged a bankrupt, and the bankruptcy proceedings are still pending. The case was continued by the clerk without entering judgment; and at January term 1870 the plaintiffs filed a motion that the clerk be directed to complete the record by entering judgment for them as of the last day of October term 1869, *nunc pro tunc*. The superior court, to which the case was submitted on agreed facts in substance as above, allowed the motion, and the defendant appealed.

*B. E. Perry,* for the defendant, was first called upon.

*J. Lathrop,* for the plaintiffs, was stopped by the court.

MORTON, J.   The question presented in this case is a very narrow one.   The defendant having been defaulted in the superior court at October term 1869, the court ordered that judgment for the plaintiffs should be entered at the end of the term.   This order took effect on the last day of the term, and the plaintiffs were then entitled to judgment.   The paper filed by the defendant in the clerk's office, not brought to the notice of the court and not acted on, could not operate to vacate the order of judgment, or to affect the duty of the clerk to enter the judgment of record.   The order of the superior court at January term 1870, which is appealed from, was in substance an order directing its clerk to complete his record according to the original order of the court, and according to the facts of the case.   It was not erroneous, and cannot be revised by this court.   If the defendant has lost any rights, it is by his own laches in not properly presenting his motion for a continuance, and obtaining an adjudication thereon before judgment.          *Judgment affirmed.*