CITY OF SOMERVILLE *vs.* EMMA A. FISKE & others.

Middlesex. Jan. 11. — March 4, 1884. DEVENS & HOLMES, JJ., absent.

Before the trial of a petition for the revision of a betterment assessment, the petitioner applied for leave to make an amendment, and it was allowed, the question of terms being reserved for the further consideration of the court. At the trial, the jury rendered a verdict reducing the assessment. On the last day of the term, the court passed the general order that judgment be entered in all cases ripe for judgment, and that all matters pending and not passed upon be continued to the next term; and judgment was thereupon entered for the petitioner for costs of suit. *Held,* that a writ of error would not lie to reverse the judgment.

WRIT OF ERROR to reverse a judgment of the Superior Court, rendered upon a verdict of a jury reducing assessments, laid upon the estates of the defendants in error by the plaintiff in error, for the construction of a public park. Hearing before *C. Allen,* J., who affirmed the judgment, and reported the case for the determination of the full court. The facts appear in the opinion.

*S. C. Darling,* for the plaintiff in error.

*C. Robinson, Jr. & G. A. Blaney,* for the defendants in error.

MORTON, C. J. If we assume that the Superior Court, in the proceedings in this case, acted according to the course of the common law, yet we are of opinion that a writ of error is not the proper remedy for the plaintiff in error. The record does not show an erroneous judgment. The jury having reduced the amounts of the assessments made by the city council of Somerville, the petitioners were entitled to judgment for costs. St. 1871, c. 382, § 8. It appears that, before the trial, the petitioners applied for leave to make an amendment, and it was allowed, the question of terms being reserved for the further consideration of the court. It was the duty of the respondent, if it intended to insist upon its claim for terms, to bring the question to the attention of the court during the term; and, if it did not do so, the court had the right to treat the claim as waived, and to order judgment for the petitioners.

The record states that, " on the last day of the term, the court pass the general order that judgment be entered in all cases ripe for judgment, and that all matters pending, and not

passed upon, be continued to the next term of this court, and judgment is thereupon entered that the petitioners " recover their costs of suit. The record is a statement of the acts of the court. It passed the general order, and entered judgment for the petitioners under it, thereby in law disposing of the question of terms reserved. If the court had made a special order that judgment be entered in the case, there could be no doubt that it would be a disposition of the question of terms. We think the general order has the same effect, unless the court ordered a continuance, or made some other order which would take the case, which was in fact ripe for judgment, out of the operation of the general order. The record shows that the court entered judgment for the petitioners for their costs. This the court had the right to do. If the respondent claimed that the entry of judgment was a misprision of the clerk, its proper remedy was an application to the Superior Court to correct its records. If it has lost any rights, it is by its own laches in not diligently prosecuting its claim for terms for the amendment.

*Judgment affirmed.*