CHARLES E. DAVIS *vs.* THOMAS B. FERGUSON.

Barnstable.    January 29, 1889. — March 1, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Judgment for Damages and Costs — Execution for Damages only —
Waiver of Costs.*

A plaintiff in an action, who had recovered damages and costs, pending an appeal
by the defendant from the taxation of costs, took out an execution for damages
only, which was duly served and returned wholly satisfied. *Held,* that the plain-
tiff must be deemed to have waived his costs.

APPEAL from a taxation of costs. At the hearing in the Supe-
rior Court, before *Lathrop,* J., the following facts appeared.

On April 18, 1887, the judge, who tried the case without a
jury, found for the plaintiff in the sum of $85, and on May 2,
1887, judgment was entered for the plaintiff for $85 and costs.
On May 23, 1887, costs were taxed upon notice at $90.53; and
the defendant appealed from the taxation of the costs. Subse-
quently on the same day, the plaintiff took out an execution, in
the usual form, " for the sum of eighty-five dollars debt or dam-
age "; and on June 1, 1887, the deputy sheriff to whom the exe-
cution was delivered made a return upon the execution that he
had received from the defendant's attorneys " the sum of ninety-
one dollars, being eighty-five dollars for the debt and six dollars
for the costs, and I herewith return this execution fully satis-
fied." It was admitted that the attorney for the plaintiff re-
ceived the eighty-five dollars.

The defendant did not dispute the taxation of costs, but con-
tended that the plaintiff, on these facts, had waived costs in such
action, and filed a motion to determine the appeal. The judge
ruled, as matter of law, that the plaintiff had waived his costs,
and was not entitled to an execution therefor, allowed the de-
fendant's motion, and reported the case for the determination
of this court.

*H. P. Harriman,* for the plaintiff.

*L. LeB. Holmes & E. D. Stetson,* for the defendant.

W. ALLEN, J. The damages and costs recovered in an ac-
tion, unless under special statute provision, as in the case of a

judgment against an administrator, constitute a single judgment, upon which but one execution can be issued. A party cannot divide his judgment into damages and costs, and take out separate executions for each, any more than he can divide his damages and take out separate executions for the different parts. St. 1784, c. 59, § 2. St. 1829, c. 52. *Many* v. *Sizer*, 6 Gray, 141.

Until the Revised Statutes, the time of rendering the judgment was not affected by an appeal from the taxation of costs by the clerk, though the party could not take out execution while an appeal was pending unless he gave the bond required by statute. *Winslow* v. *Hathaway*, 1 Pick. 211. See *Dodd* v. *Lewis*, 10 Mass. 26 ; St. 1829, c. 52. The Rev. Sts. c. 121, § 29, provided that when there was an appeal from the taxation of costs by the clerk, whether by a plaintiff or defendant, the judgment should be considered as rendered on the day when the costs were finally taxed and allowed, except when the bond was given. The same provision is in the Pub. Sts. c. 198, § 25.

In the case at bar there was an appeal by the defendant from the taxation of costs, and no bond was given. There was consequently no judgment upon which an execution could issue until the costs were finally taxed and allowed. A waiver by the defendant of his appeal, or a waiver by the plaintiff of all costs, and perhaps, if the appeal was from the allowance of particular items, of those items, would be a final taxation and allowance. When the plaintiff took out his execution, there had been no taxation by the court, and no waiver of his appeal by the defendant; and unless the plaintiff waived his costs, the appeal was pending, there was no judgment rendered, and the execution was void. We think that the plaintiff must be deemed to have waived his costs by taking out his execution for damages only, not only because he could have but one execution for damages and costs, but because, unless he is deemed to have waived his costs, there was no judgment on which an execution could have issued. *Jarvis* v. *Mitchell*, 99 Mass. 530.

*Plaintiff not entitled to costs.*