I. W. NORCROSS, JR. *vs.* JOHN A. CRABTREE & another.

SAME *vs.* SAME.

SAME *vs.* SAME.

SAME *vs.* SAME.

Suffolk.  January 22, 1894. — March 5, 1894.

Present: FIELD, C. J., ALLEN, MORTON, & BARKER, JJ.

*Rule of Superior Court — General Order to Clerk — Power of Clerk to enter Judgment in Action pending Appeal.*

Under the 27th Rule of the Superior Court, providing that "on the first Monday of every month judgment may be entered, in all actions ripe for judgment, under a general order of the court," and an order passed by the court and addressed to the clerk, "that judgment be entered on the first Monday of every month . . . in all actions pending in said court which are ripe for judgment," the clerk has no power to enter judgment in an action in which an appeal is pending from the disallowance of a motion to take off a default.

FIELD, C. J. The first case is a writ of *scire facias* against the bail of Arthur E. Miller and Fred Miller. The second case is a writ of *scire facias* against the bail of Arthur E. Miller. The third is the same as the first, and the fourth is the same as the second, but a different question of law is raised in the third and fourth cases from that raised in the first and second. Arthur E. Miller and Fred Miller were both arrested in a suit against them, and they gave bail, the defendants being their sureties; Arthur E. Miller was also arrested in another suit which was against him alone, and he gave bail, the defendants being his sureties. The plaintiff obtained judgment in these two suits,

and, the judgments being unsatisfied, he brought these writs of *scire facias.* The first two of the cases before us are appeals by the defendants from a judgment of the Superior Court disallowing a motion made by them that their default might be taken off, etc. The last two are appeals by the plaintiff from the judgment of the Superior Court dismissing the actions and discharging the bail. If the judgments appealed from in the last two cases are affirmed, it will be unnecessary to consider the appeals in the first two cases. In each case all the proceedings were substantially the same, and in each the bail surrendered their principal in the court where the writ of *scire facias* was pending on August 1, 1893, at ten o'clock in the forenoon, and they paid the plaintiff the costs of court up to that time. The Pub. Sts. c. 163, § 12, provide that bail may so surrender their principal " at any time before final judgment," and may be discharged, and the question of law in these cases is whether the surrender was before final judgment. The writs of *scire facias* were returnable on the first Monday of April, 1893, and, no appearance having been entered for the defendants within ten days from the return day, their default was recorded. On April 25, they filed a motion in writing that the default might be taken off, and that they might have leave to enter an appearance. On May 4, they also filed a motion that the default might be taken off, that they might be allowed to enter an appearance and file an answer in the case, and might have a reasonable time to file an affidavit of defence, if required by the court. On May 18, the motion to take off the default was disallowed, and the defendants appealed to this court, and the appeal was duly entered here. After the surrender on August 1, 1893, viz. on August 7, a motion was made that the bail be discharged, which was granted; and the plaintiff appealed to this court.

Rule 27 of the Superior Court was in force during the pendency of these suits, and is as follows : " On the first Monday of every month judgment may be entered, in all actions ripe for judgment, under a general order of the court ; and the court, or any justice, may at other times order judgment to be entered in any action." The Superior Court had passed the following general order, which was also in force, viz.: " To the Clerk of the Superior Court within and for the County of Suffolk.

Ordered, that judgment be entered on the first Monday of every month, and on the next day thereafter, when said Monday is a legal holiday, in all actions pending in said court which are ripe for judgment, unless the party entitled thereto otherwise requests in writing." See St. 1885, c. 384, §§ 3, 7, 8, 10, 11, 12. When the bail surrendered their principal there had been in fact no entry of judgment by the clerk. in the actions, and no order for judgment had been made by the court, or by any justice thereof.

The contention of the plaintiff is, that by force of the rule of court and of the general order the actions went to judgment on the first Monday of June, 1893. The motion to take off the default had been disallowed on May 18, and although the defendants claimed an appeal from this order, the plaintiff contends that no appeal lay, because it was in the discretion of the justice hearing the motion whether it should be allowed or disallowed, and because the order is not a judgment within the meaning of Pub. Sts. c. 152, § 10. We are not called upon to determine whether the Superior Court or any justice of that court might have ordered final judgment entered in the actions pending the appeal from the order disallowing the motion to take off the default, either on the ground that no appeal lay from such order, or on some other ground. We think that it was not the intention of the rule that the clerk should have any such power. On the face of the record there was an appeal pending which would prevent the entry of judgment. It was not for the clerk to determine whether this was a valid appeal or not. According to the record the actions were not ripe for judgment. No judgment in fact was entered, and without considering whether a judgment may be considered as entered before any record of it has been made, on the ground that under the rules the clerk ought to have entered it, we are of the opinion that on the record as it stood the clerk could not have entered judgment, and that therefore the surrender was in time.

*Actions dismissed, and bail discharged.*

*C. H. Sprague,* for the plaintiff.

*E. C. Gilman,* for the defendants.