## JACOB L. BAILEY *vs.* SAMUEL J. EDMUNDSON.

Middlesex.   January 26, 1897. — May 19, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Error — Practice — Rule of Superior Court — Default — Entry of Judgment.*

The plea of *in nullo est erratum* to a writ of error raises only issues of law, and the case should immediately be transferred to the full court, without a hearing by a single justice.

Under the 27th Rule of the Superior Court, it is within the power of that court to enter judgment in an action in which the defendant has been defaulted on the first Monday of the following month, although it is within four legal days after the default.

WRIT OF ERROR, to reverse a judgment of the Superior Court rendered in an action of tort by the defendant in error against the plaintiff in error.   The facts appear in the opinion.

*J. H. Hurley*, for the defendant in error.

*P. J. Casey*, for the plaintiff in error, submitted the case on a brief.

FIELD, C. J.  The defendant in error pleaded *in nullo est erratum*.  The case was heard by a single justice of this court, who affirmed the judgment of the Superior Court, and the defendant in error appealed to the full court.  But on filing the plea, the case should immediately have been transferred to the full court, as the plea raises only issues of law.  Pub. Sts. c. 150, § 7.  *Tufts* v. *Newton*, 119 Mass. 476.

The error assigned is that the judgment of the Superior Court was rendered upon the default of the original defendant, now the plaintiff in error, within four legal days after the default. It appears from the record that the original defendant was defaulted in the Superior Court on November 27, 1895, and the court assessed the damages, as we infer, on that day.  The judgment was entered on December 2, 1895.  November 27 was Wednesday, the next day was Thursday, which was Thanksgiving day, a legal holiday ; November 29 was Friday, November 30, Saturday, December 1, Sunday, and December 2, Monday.  If Thanksgiving day and Sunday are not counted, excluding the day of the default there were but two days from the day of the default before December 2 ; if Thanksgiving day and Sunday are counted, there were four days from the day of the default before December 2.  See Pub. Sts. c. 160, § 4.

Pub. Sts. c. 171, § 1, is as follows : " Every judgment shall be entered as of the last day of the term in which it is rendered, unless there is an express order of the court for the entry thereof on some other day ; in which case, the day shall be noted by the clerk on his docket.  The court may enter up judgment upon default at any time after four days from the day of the default." We assume that in reckoning the four days under this section of the statute neither Sunday nor Thanksgiving day was to be counted.  But under this section of the statutes judgment was entered upon default as of the last day of the term, by a general order of the court, whether four days from the day of the default had elapsed or not.  It was only when judgment upon default was entered in term, and before the last day of the term, that four days must elapse after the default before the judgment

could be entered. See Pub. Sts. c. 167, §§ 45–47; *Herring* v. *Polley*, 8 Mass. 113; *Portland Bank* v. *Maine Bank*, 11 Mass. 204; *Coolidge* v. *Cary*, 14 Mass. 115.

By St. 1885, c. 384, § 2, terms in the Supreme Judicial Court and in the Superior Court were abolished, and business may be transacted at any time. Section 11 is as follows: "At any time after a default has been entered against the defendant in an action at law in either of the courts, the plaintiff may after four days have judgment entered as of course by the clerk, without any further order."

Section 12 is as follows: "The courts respectively may make general rules authorizing or directing, in such manner and subject to such provisions as they may think proper, the entry of judgment by the clerk without any further order in all or any of the cases in which judgment may, according to the present practice, be entered under a general order or at the end of a term as of course."

The 27th Common Law Rule of the Superior Court is as follows: "On the first Monday of every month judgment may be entered, in all actions ripe for judgment, under a general order of the court; and the court, or any justice, may at other times order judgment to be entered in any action." Under this rule the Superior Court could, by a general or special order, cause judgment after default to be entered in the original suit in this case on the first Monday of December, 1895.

The brief of the defendant in error states that on January 17, 1887, the Superior Court passed the following order: "Middlesex, ss. Ordered, that judgment be entered on the first Monday of every month, and on the next day thereafter when said Monday is a legal holiday, in all actions pending in said court which are then ripe for judgment, unless the party entitled thereto otherwise requests in writing." See *Dudley* v. *Keith*, 153 Mass. 104; *Norcross* v. *Crabtree*, 161 Mass. 55; *Hosmer* v. *Hoitt*, 161 Mass. 173.

Although this order is not before us on the record, still we might require it to be certified to us if we deemed it necessary. It is enough, however, that it appears from what is properly before us that it was within the power of the Superior Court to enter the judgment which was entered in the original suit on

the first Monday of December, 1895. No error appears, and the original judgment must be affirmed, with costs, and interest at the rate of six per cent a year upon the amount recovered by the judgment. Pub. Sts. c. 187, § 7.          *So ordered.*