LOUIS TIM & another *vs.* MYER ROSENFELD.

Suffolk.    March 4, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Motion to set aside Verdict rendered in absence of Parties and Counsel, and after Proclamation of Adjournment.*

A verdict may be taken in the absence of the parties and their counsel, notwithstanding a proclamation of adjournment of the court until the next day has been made.

MOTION to set aside a verdict, and for a new trial. The Superior Court overruled the motion; and the defendant alleged exceptions. The grounds of the motion appear in the opinion.

*C. H. Sprague*, for the defendant, submitted the case on a brief.

*E. N. Hill*, for the plaintiffs.

BARKER, J. After the jury had retired in the latter part of the afternoon, the court proceeded with other business, and then the crier by direction made a proclamation of adjournment until

the next day, and the defendant and his counsel left the court room, supposing that the court had adjourned, and that the verdict would not be received until the next day. Immediately after the proclamation was made the presiding justice directed that it be recalled, and that the court remain open, and he then took a recess and left the court house, directing the officers to send word to him if the jury should agree before his return. The jury agreed upon their verdict, word was sent to him, he returned to the court room upon the same afternoon, and the verdict was then returned, received, and affirmed in open court in the usual way, and the jury discharged from further consideration of the case. Both parties and their counsel were absent when the verdict was returned. The defendant moved to set aside the verdict, alleging the facts above stated, and excepted to the order overruling his motion.

It is provided by St. 1885, c. 384, § 2, that the courts shall be always open, and that any business of the courts may be transacted at any time. Whatever, before the passage of this statute, may have been the power of a court to recall a proclamation of adjournment, (see *Blake* v. *Bayley*, 16 Gray, 531,) the usual proclamation of adjournment at the close of the ordinary business of the day cannot now interfere with the power of a presiding justice to receive in open court the verdict of a jury after the proclamation, and before the time to which the court is said to be adjourned. The proclamation is merely the announcement to the public that the presiding justice expects to do no more business in court until the time stated, and it excuses parties and witnesses from attendance until that time. If in the mean time, for proper reasons, the judge returns to the court room, and is attended by the officers of the court, the court is open, and he may proceed with such business as does not require the presence of persons who are absent. Under our practice it is usual and proper to receive the verdict of a jury, at least in civil causes, without regard to the presence or absence of parties or counsel.

The defendant suggests no reason why he was prejudiced by the course of the presiding justice in the present case. If any such reason had existed, it would doubtless have been given due weight in the consideration of his motion in the Superior Court.

*Exceptions overruled.*