DALTON-INGERSOLL COMPANY *vs.* ANDREW J. FISKE
& others.

Middlesex.    January 11, 1899. — December 2, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER,
HAMMOND, & LORING, JJ.

*Appeal — Superior Court — Judgment — Police Court — Entry of Default and
Judgment during Pendency of Motion — " Ripe for Judgment."*

It is within the power of the Superior Court, in a case appealed from a police
court, the appeal having been dismissed and afterwards the case having been
continued for judgment to await proceedings on mandamus, to allow, after the
session has adjourned without day and before the first Monday of the following
month, when by the 27th rule of that court judgment may be entered in all
actions ripe for judgment under a general order of the court, motions to vacate
an order dismissing the appeal, to file an amended record showing that the
appeal had been seasonably made, and to grant a new trial.

In an action begun in a police court by trustee process, the plaintiff, by taking
judgment against the defendant alone, discontinues as against the trustee and
waives all right to pursue him further, and, the trustee being thereby discharged,
the fact that he was afterwards defaulted for not appearing is an error of the
clerk which cannot affect the validity of the judgment rendered against the
defendant.

If the plaintiff in an action pending in a police court puts it on the trial list and
gives the required notice to the defendant, who fails to appear, the latter may
be defaulted and judgment may be entered against him, although a motion for
continuance to await the result of insolvency proceedings is pending.

CONTRACT upon a bond to dissolve an attachment executed
by the first named defendant as principal, and by David F.
Inglis and James J. Mehan as sureties.    Trial in the Superior
Court without a jury, before *Richardson*, J., who found for the
plaintiff; and Mehan, who alone defended, alleged exceptions.
The facts appear in the opinion.

The case was argued at the bar in January, 1899, and after-
wards was submitted on briefs to all the justices.

*G. L. Mayberry*, for Mehan.

*C. T. Cottrell*, for the plaintiff.

LATHROP, J.    This is an action against the principal and
sureties upon a bond to dissolve an attachment, brought origi-
nally in the police court of Newton, and taken on appeal by

the plaintiff to the Superior Court. It is now before us, after a finding for the plaintiff, on the exceptions taken by one Mehan, a surety on the bond, who alone defended the case in the Superior Court.

The first question before us is whether the case was properly before the Superior Court. It appears from the record of the police court that a finding for the defendant was. made on April 28, 1894, and the "time of appeal extended seven days.' The case was duly entered in the Superior Court. On February 5, 1897, the defendant Mehan moved that the appeal be dismissed for want of jurisdiction, for the reason that it did not appear by the record that the appeal was seasonably taken within twenty-four hours after the judgment of the police court. St. 1893, c. 396, §§ 24, 25. Under these sections the lower court may extend the time for filing the appeal bond, but not the time for taking the appeal. The plaintiff on February 10, 1897, filed a motion that the record be sent back to the police court to be amended, alleging that the facts were that the appeal was duly taken within the time prescribed by law, and the time for filing the bond or perfecting the appeal was extended seven days, for cause shown, and $100 was deposited in lieu of bond within seven days. On February 17, 1897, the court overruled the motion of the plaintiff and allowed the motion to dismiss the appeal, and directed the clerk to make an entry on the docket of "Appeal dismissed," which entry was accordingly made. On February 27, 1897, the following entry was made on the docket, "Continued for judgment to await proceedings on mandamus petition." Between February 17 and February 27 the session of the court had adjourned without day. After the adjournment the plaintiff filed three motions: the first, to vacate the order dismissing the appeal; the second, to file the amended record; the third, to grant a new trial. These motions were allowed. The amended record showed that the appeal had been seasonably made.

In the following September, when the case was reached in its order, the defendant asked the court to rule that all motions and orders in the case which purported to be made after the entry of February 17, 1897, could not have the effect of vacating or setting aside the judgment dismissing the appeal for want of juris-

diction which was entered on that day.    The court refused so to rule; and the defendant excepted.

We are of opinion that the fact that the court had adjourned without day is of no consequence.    Since the St. of 1885, c. 384, § 2, both the Supreme Judicial Court and the Superior Court are always open, and terms no longer exist.    See *Dudley* v. *Keith*, 153 Mass. 104, 107; *James* v. *Southern Lumber Co.* 153 Mass. 361; *Bailey* v. *Edmundson*, 168 Mass. 297; *Tim* v. *Rosenfeld*, 168 Mass. 393.    The 27th rule of the Superior Court provides: "On the first Monday of every month judgment may be entered, in all actions ripe for judgment, under a general order of the court; and the court or any justice, may at other times order judgment to be entered in any action."    An order dismissing an appeal is not a judgment, and until the first Monday of the following month had expired it was clearly within the power of the court to continue the case.    *Pierce* v. *Lamper*, 141 Mass. 20. The case being before the court when the three motions were made, the court had the power to hear and decide them.    The defendant's first exception must, therefore, be overruled.

The remaining exceptions relate to the question whether the judgment was regularly and properly entered in the original action in which the bond was given.

It appeared that the original action was begun by a trustee process; and the bond in suit was given to dissolve the attachment, under the Pub. Sts. c. 161, §§ 122 *et seq.*    While the bond was signed by the principal and his sureties and properly described the action, it did not contain the name of the principal in the condition, but read as follows: "Now, therefore, if the above bounden David J. Ingalls and James J. Mehan shall pay to the plaintiff in said action the amount, if any, that he may recover therein, within thirty days after the final judgment in said action," etc.    The defendant contends that the bond being valid only as a common law bond did not dissolve the attachment, and that further action should have been had against the trustee.    But the plaintiff, by taking judgment against the defendant alone, discontinued as against the trustee, and waived all right to pursue him further.    *Jarvis* v. *Mitchell*, 99 Mass. 530. See also *Davis* v. *Ferguson*, 148 Mass. 603.    The trustee was thereby discharged, and the fact that he was afterwards defaulted

for not appearing was clearly an error of the clerk, which cannot affect the validity of the judgment recovered against the defendant in that action.

It further appeared that in the original action the defendant Fiske, on November 15, 1893, filed a suggestion of insolvency, with a motion for a continuance to await the result of the insolvency proceedings. The plaintiff put the case upon the trial list of civil cases for November 29, 1893, and gave the defendant the required notice thereof. On the day last mentioned, the defendant failed to appear and was defaulted. Damages were assessed by the court, and on December 1, 1893, the clerk, under the general rule of that court, entered judgment for the plaintiff for a certain sum, being the damages assessed and costs, and four days later issued execution, which has not been satisfied. The defendant asked the judge in the present action to rule that the alleged judgment was irregular and invalid because no valid judgment could be entered until the defendant's motion for continuance to await the result of the insolvency proceedings was passed upon or in some way disposed of. The judge refused so to rule; and the defendant excepted.

It is obvious that the attack is really upon the default ordered by the judge, and not upon the judgment, except so far as this is incidentally involved in the regularity of the default. The police court of Newton was established by the St. of 1876, c. 195, and is one of the courts mentioned in the Pub. Sts. c. 154, § 1. By § 11, "police and district courts may in their respective counties exercise the same powers, shall have the same jurisdiction civil and criminal, and shall perform the same duties and be subject to the same liabilities as trial justices." Section 12 provides: "They shall have and exercise the powers necessary and proper for the discharge of their duties; and the proceedings in the hearing, trial, and determination of cases, and all matters relating thereto, shall be substantially the same as in like cases before trial justices, unless otherwise expressly provided."

The Pub. Sts. c. 155, relates to trial justices, and it is provided, by § 22, "If a person duly served with process fails to appear and answer thereto, his default shall be recorded and the charge against him in the declaration taken to be true. Upon such default, or when the plaintiff maintains his action upon a trial, the

trial justice shall award and enter judgment for such sum, not exceeding the amount of his jurisdiction in the case, as he upon inquiry finds the plaintiff is entitled to recover with costs." The laws relating to district and police courts were revised and consolidated by the St. of 1893, c. 396, which was in force when the default was entered in this case. Section 19 contains the same language in regard to defaults as that above cited. This form of language applies to a case where a defendant has once appeared as well as to a case where he never appears. *Jarvis* v. *Blanchard,* 6 Mass. 4. See also *Willey* v. *Durgin,* 118 Mass. 64, 69, in which case it is said by Chief Justice Gray: "It is within the discretion of every court, as incident to the arrangement and regulation of its business, at such times as it may appoint, to call the docket of actions which have been entered and have not reached final judgment; and to default any party who fails to appear when called, even if an appearance has been previously entered in his behalf. *Jarvis* v. *Blanchard,* 6 Mass. 4. *Randolph* v. *Barrett,* 16 Pet. 138."

There certainly can be no doubt that it is within the power of a police court to order a default, where, as in this case, the case was set down for a hearing, and notice given to the defendant, who did not appear.

The defendant in the case before us contends that a judgment could not be entered because there was a suggestion of insolvency and a motion for a continuance pending. But, as we have already said, the real question in the case is whether the court had the power to enter the default on the non-appearance of the defendant in the original action. There is nothing peculiarly sacred in a suggestion of bankruptcy or insolvency, and a motion for a continuance. It is generally the last resort of a debtor to avoid payment of his debt, when he has no defence. Such a motion is addressed entirely to the discretion of the court, and no exception lies to the exercise of such discretion. *Barker* v. *Haskell,* 9 Cush. 218. *Reed* v. *Paul,* 131 Mass. 129, 132. *Sullings* v. *Ginn,* 131 Mass. 479.

The defendant relies upon certain language in the case of *Hosmer* v. *Hoitt,* 161 Mass. 173. We have no doubt that that case was rightly decided ; but we are of opinion that the reason given for the decision was wrong. The case came before the

court on a motion to take off a default, no judgment having been entered. The case was a very simple one. By the St. of 1885, c. 384, § 10, the Superior Court had the power at any time before judgment to strike off the default. This power the Superior Court exercised; and this court overruled the plaintiff's exceptions. It was unnecessary for the decision to treat the case as if a judgment had been entered, and to say that the case was not ripe for judgment because a suggestion of insolvency and a motion for a continuance had not been acted upon before the case was defaulted.

In *Norcross* v. *Crabtree*, 161 Mass. 55, it was said that the clerk could not enter a judgment under the 27th rule of the Superior Court pending an appeal, because the case was not ripe for judgment. But in this case, also, no judgment had been entered. See *Bailey* v. *Edmundson*, 168 Mass. 297. There can be no doubt that *Norcross* v. *Crabtree* was rightly decided, under the 27th rule of the Superior Court, for here something had intervened between the default and the time when judgment would have been entered, had the clerk entered it, namely, the motion to take off the default and the appeal from the order of the court disallowing the motion. Under such circumstances it may well be said that a case is not ripe for judgment. But where nothing intervenes between the default and the judgment, it seems to us impossible to hold that the case is not ripe for judgment, because prior to the default a motion was made to continue the case. It is no part of the duty of a judge, nor is it the practice, when a defendant does not appear, to wait until all the papers in the case have been fully examined, before entering a default. By submitting to a default the defendant waives all defences and all motions.

A person defaulted has no standing in court except to move to take off the default. The 48th rule of the Superior Court provides: " When a default is entered in an action it shall not be stricken off after the day upon which it is entered, except upon notice to the adverse party and upon an affidavit of merits in the defence, with a statement of its nature, and proof to the satisfaction of the court that a defence in good faith is intended."

If a case is in the Superior Court, and a person defaulted takes

no further steps to take off the default, and does not comply with the above rule, it is difficult to understand upon what ground he has any cause of complaint if judgment is entered against him on the default, or why judgment should be reversed on writ of error.

In *Somerville* v. *Fiske*, 137 Mass. 91, the petitioners, who sought to have a betterment assessment revised, before trial in the Superior Court, applied for leave to make an amendment, and it was allowed, the question of terms being reserved for the further consideration of the court. The jury abated the assessment, and this, by the terms of the St. of 1871, c. 382, § 8, entitled the petitioners to their costs. On the last day of the term the court passed the general order that judgment be entered in all cases ripe for judgment, and that all matters pending, and not passed upon, be continued to the next term of the court. This, as appears from the papers in the case, was on May 17, 1880. Judgment was therefore entered for the petitioners for their costs. A writ of error was thereupon brought, on the ground that the case was not ripe for judgment, because the matter of terms had been reserved by the court and had not been passed upon ; but the court said : " It was the duty of the respondent, if it intended to insist upon its claim for terms, to bring the question to the attention of the court during the term ; and if it did not do so the court had the right to treat the claim as waived, and to order judgment for the petitioners." It was further said that a special order for costs would have been a disposition of the question of terms ; and that the general order had the same effect as a special order, unless the court ordered a continuance, or made some other order which would take the case out of the operation of the general order; and that if the respondent contended that the entry of judgment was a misprision of the clerk, its proper remedy was an application to the Superior Court to correct its records. The opinion closes with the following language : " If it has lost any rights, it is by its own laches in not diligently prosecuting its claim for terms for the amendment." See also *Pierce* v. *Lamper*, 141 Mass. 20 ; *Cutter* v. *Evans*, 115 Mass. 27.

In *Dunbar* v. *Baker*, 104 Mass. 211, the defendant was defaulted, and an order was made that judgment be entered at the

end of the term, for the plaintiffs. Before the end of the term, the defendant filed a paper suggesting his bankruptcy and moving that the case be continued. The clerk did not enter judgment under the special or the general order, and at the beginning of the next term the plaintiffs filed a motion that the clerk complete his records by entering judgment as of the last day of the preceding term. No motion was made to take off the default. The Superior Court granted the plaintiffs' motion, and on appeal to this court the judgment for the plaintiffs was affirmed. Mr. Justice Morton, in delivering the opinion of the court, said : " The paper filed by the defendant in the clerk's office, not brought to the notice of the court and not acted on, could not operate to vacate the order of judgment; or to affect the duty of the clerk to enter the judgment of record. . . . If the defendant has lost any rights, it is by his own laches in not properly presenting his motion for a continuance, and obtaining an adjudication thereon before judgment."

It does not appear in the case before us what the general rule of the police court of Newton was, and it is to be noticed that the words " ripe for judgment " do not appear in the statutes relating to police courts until the St. of 1897, c. 431. At common law, judgment followed a default as a matter of course. *Coolidge* v. *Cary*, 14 Mass. 115. When we had terms the practice was to enter judgment, either on some day in the term upon motion, or, of course, on the last day. Howe, Pract. 267. Since terms have been abolished, the practice is regulated by statutes and the rules of the courts. In the case at bar, in the absence of any rule, the St. of 1893, c. 396, § 19, governs ; and this allows a judgment upon a default. If, however, the words " ripe for judgment " are to be understood as in the general rule, we have no doubt that a case is " ripe for judgment " when the defendant is defaulted and the damages have been assessed, although there are motions on the files of the court which are undisposed of.

*Exceptions overruled.*