WILLIAM GILCHRIST *vs.* CHARLES COWLEY & another, executors.

Middlesex.    March 11, 1902. — May 19, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Practice, Civil,* Entering judgment, Continuance.    *Trustee Process.*

A case in the Superior Court in which a judge has made a finding for the plaintiff, assessing damages, is not ripe for judgment while a motion for a continuance is pending on the ground that the defendant has been summoned as trustee of the plaintiff in another action.

CONTRACT against the executors under the will of Margaret Court of Lowell, for a legacy of $500. Writ in the Police Court of Lowell dated July 13, 1901.

On appeal to the Superior Court the case was tried before *Braley,* J., who found for the plaintiff, and assessed damages in the sum of $583.75. The case came to this court on an appeal by the plaintiff from an order of the Superior Court denying a motion for entry of judgment under the circumstances stated by the court.

*E. F. McClennen*, for the plaintiff.

*C. Cowley*, for the defendants.

*J. S. Patton*, for Jeanie Morton, petitioning creditor.

HOLMES, C. J.    This is an action for a legacy.    On November 26, 1901, the defendants filed a motion for a continuance, on the ground that they had been trusteed by a creditor of the principal plaintiff, in a suit begun after the present action.    On November 30, 1901, a judge of the Superior Court filed a finding for the plaintiff, assessing the damages.    On January 31, 1902, a motion was filed that the clerk be directed to complete the record by entering judgment for the plaintiff as of the first Monday of January.    This was denied on February 12, and a petition for a continuance, filed on the same day by the above-mentioned creditor, was allowed.    The plaintiff appeals.

As has been pointed out more than once, "on appeal the record does not show the ground on which the plaintiff's motion was denied."    *Giles* v. *Royal Ins. Co.*  179 Mass. 261.    But the plaintiff argues that the case was ripe for judgment when the finding was filed, that thereupon he had a right to judgment on the first Monday of January under Rule 25 and the Standing Orders of the Superior Court, and that therefore the power of a single judge to grant a continuance thereafter was gone.    If this argument escapes the difficulty just stated and has no others of its own, still a sufficient answer is that it fails in its premise that the case was ripe for judgment.

The plaintiff relies upon *Dunbar* v. *Baker*, 104 Mass. 211, and *Dalton-Ingersoll Co.* v. *Fiske*, 175 Mass. 15, for the proposition that a case is ripe for judgment notwithstanding a motion for a continuance.    It hardly is necessary to say that neither of those cases decides that proposition.    The latter decides that the benefit of such a motion is lost by suffering a default.    The former, that after a default a case is no less ripe for judgment that the defaulted party simply files such a motion among the papers in the case without getting his default taken off or calling the motion to the attention of the court.    The general rule is recognized or not denied in *Dalton-Ingersoll Co.* v. *Fiske*, although the application of it in *Hosmer* v. *Hoitt*, 161 Mass. 173, is criticised.

The finding by the court did not import an overruling of the

motion for a continuance. By Pub. Sts. c. 183, § 40, it is provided expressly that in cases like this the action may proceed so far as to ascertain what sum is due from the defendant. Therefore, whether the defendant's motion was well founded, or whether the only effective one was that filed by the creditor in pursuance of the same section after the first Monday in January, the time when it was necessary to deal with the former had not arrived and the finding did not affect it. *Creed* v. *Creed,* 161 Mass. 107.

The record discloses no ground for saying that the continuance granted by the Superior Court was not justified.

*Orders affirmed.*