SAMUEL COHEN *vs.* INDUSTRIAL BANK & TRUST COMPANY.

Suffolk.    November 3, 1930. — February 24, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Exceptions, Default, Removal of default, Judgment.

An exception by the plaintiff in an action at law to the allowance of a motion to remove a default and to place the action on a list for trial, although to an interlocutory matter, properly is before this court after the action has been tried and has resulted in a verdict for the defendant.

If, the day after a defendant in an action of contract in the Superior Court has been defaulted, he files in court a motion to remove the default, setting forth reasons which might have been found adequate for removal of that default, and does not seek action by the court thereon for over two months, the action does not in the meantime go to judgment, and the court, even after the two months, has jurisdiction and power to deny a motion by the plaintiff for judgment and to allow the defendant's motion to remove the default and to order the action on a list for trial.

CONTRACT.    Writ dated June 8, 1928.

Proceedings in the Superior Court relating to a removal by *Morton,* J., of a default of the defendant and the denial of a motion by the plaintiff for judgment, to which the plaintiff alleged exceptions, are described in the opinion.

The case was submitted on briefs.

*E. M. Dangel, L. E. Sherry, & J. J. Holtz,* for the plaintiff.

*R. G. Wilson, Jr.,* for the defendant.

RUGG, C.J. This is an action of contract to recover a real estate commission. The defendant was defaulted and the default removed. The defendant was defaulted again on November 7, 1929, when the case came on for trial. On the following day the defendant filed a motion to remove the default, setting forth the reasons which might have been found adequate for removal of that default. No further action was taken until January 18, 1930, when the plaintiff filed a motion that the motion of the defendant filed on November 8, 1929, to remove the default of the previous day be dismissed and that judgment be entered as of November 18, 1929. Except for the filing of the motion by the defendant on November 8, 1929, the case was otherwise ripe for judgment on November 18, 1929. On January 23, 1930, the matters came on for hearing and the motion of the defendant of November 8 to remove the default was granted and the case ordered to be tried on the February special jury list. By implication, if not expressly, the plaintiff's motion for judgment was denied. The plaintiff excepted.

This bill of exceptions, although relating to an interlocutory matter and not reported by the trial judge, is now rightly before us, because the case has been tried to a jury, has resulted in a verdict for the defendant, no exceptions appear to have been taken at that trial, and the case seems to be otherwise ripe for final disposition. *Brooks* v. *Shaw,* 197 Mass. 376, 378–379. *Weil* v. *Boston Elevated Railway,* 216 Mass. 545, 546–547. *Anti* v. *Boston Elevated Railway,* 247 Mass. 1, 3–4.

The sole question for decision is whether the mere filing of these motions was sufficient to prevent the case from going to judgment, or whether the case automatically went to judgment.

Care has been taken that defendants who have been defaulted receive due notice thereof from the clerk of the

court.  Mandate to that effect was enacted by St. 1917,
c. 227, now G. L. c. 231, § 58.  This statute has been
reënforced by Common Law Rule 28 of the Superior
Court (1923).  By that rule express provision is made
governing procedure for removal of defaults whereby
notice to the adverse party and affidavit of facts relied
on in defence are required to the end that it may appear
that a defence in good faith is intended.  Although not
definitely stated, it is the implication of this rule that
the motion to remove a default, if presented after the day
on which it was entered, may be in writing.  No time is
specified by that rule within which such motion must be
made, nor is it required that the affidavit of defence ac-
company the motion.  See also Common Law Rule 20 of
the Superior Court (1923).  It is provided by Common
Law Rule 56 of the Superior Court (1923) that no action
shall be regarded as ripe for judgment until after four
days from a default.  No contention could be made that
the motion in the case at bar was not seasonably filed.
Ample power is conferred upon courts by G. L. c. 231,
§ 57, to take off a default in the exercise of sound judicial
discretion at any time before judgment.  *Hurnanen* v.
*Gardner Automobile Co.* 225 Mass. 189.  *Hooton* v. *G. F.
Redmond & Co. Inc.* 237 Mass. 508, 513.  The removal of
a default by judicial action in cases where there is a sub-
stantial defence, and for the promotion of justice, is well
recognized as proper.

The contention of the plaintiff, narrowly stated, is that
such motion must actually be brought to the attention of
the court for affirmative action of some sort before the
time when under general rule the case would be ripe for
judgment; otherwise, the power of the court to deal with
the motion has vanished.

The entry of judgments is governed by statutes and
rules.  G. L. c. 235, § 1: " Judgments in civil actions and
proceedings ripe for judgment in the superior court shall,
unless the court by general or special order otherwise
orders, be entered by the clerk at ten o'clock in the fore-

noon on the first Monday of each month," with exceptions not here material. Similar provision is made as to district courts by G. L. c. 235, § 2, except that judgments are there to be entered at ten o'clock in the forenoon on Friday of each week. By Common Law Rule 56 of the Superior Court (1923) judgment in civil actions and proceedings ripe for judgment in Suffolk County shall be entered at ten o'clock in the forenoon on Monday of each week, with exceptions not here material. In view of these controlling provisions, to adopt the contention of the plaintiff would result in rendering the specific power to remove defaults already noted illusory or of little value in many instances. Cases might often go to judgment under that contention before a defaulted defendant in the exercise of all reasonable celerity could bring his motion to the attention of the court, and procure some order thereon and return it to the clerk of the court.

It is strongly argued that the case was "ripe for judgment" notwithstanding the mere filing of the motion to take off the default upon the binding authority of certain decisions. The general principle is stated in *Lynn Gas & Electric Co.* v. *Creditors National Clearing House, Inc.* 237 Mass. 505, 507, in these words: "It is not easy to give a universally applicable definition of the term 'ripe for judgment' as used in the statute. It has been said in general to be 'when, under the last entry, the case seems to have been brought to a final determination, and everything seems to have been done that ought to be done before the entry of a final adjudication upon the rights of the parties.' *American Wood Working Machinery Co.* v. *Furbush*, 193 Mass. 455, 457. In the application of this rule numerous cases have been held ripe for judgment although some matter remained on the surface of the record undisposed of."

The case of *Dunbar* v. *Baker*, 104 Mass. 211, is not relevant to the facts here involved. That decision, as is made clear by *Holland* v. *Martin*, 123 Mass. 278, 279, was an interpretation of the effect of U. S. Rev. Sts. § 5106,

respecting continuances by reason of the bankruptcy of the defendant. That section provided that "No creditor whose debt is provable shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined; and any such suit or proceeding shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge." The holding was that, in order to secure a stay under said § 5106, the "application of the bankrupt" must be acted upon by the court, and that filing a paper with the clerk was not enough. See, also, *Gray* v. *Chase,* 184 Mass. 444, 451, and *Berry Clothing Co.* v. *Shopnick,* 249 Mass. 459, 463. In *Somerville* v. *Fiske,* 137 Mass. 91, it appeared that Fiske and others, having brought a petition for reduction of a betterment assessment, were allowed before trial to amend their petition, terms being reserved, and that upon trial the assessments were reduced whereby under the statute the petitioners were entitled to costs. It was held that, if the city of Somerville intended to insist upon its claim for terms, it must bring that question to the attention of the court during the term and before the case under general order went to judgment. That was an interlocutory matter affecting only the incidental subject of possible costs. *Dalton-Ingersoll Co.* v. *Fiske,* 175 Mass. 15, is distinguishable from the case at bar in that, in that case, the suggestion of insolvency and motion for continuance were filed before and not after the default. The case was decided on the ground that the default wiped out all precedent motions not theretofore disposed of. Those decisions are illustrations of the incidental matters undisposed of "on the surface of the record," which do not prevent the march to judgment of a case where the vital issues have been settled.

A motion to remove a default is of a different nature. It does not relate to incidentals. It goes to the vitals of the whole case. It is recognized by statute, by rule of

court and by the long practice of courts in their efforts to do justice between litigants. Where the defendant has been defaulted, there has never been any trial of genuine issues that might be raised in bar. Of course, a judgment entered on a default may be final and entitled to all the weight of *res judicata.* Courts, apart from statute, have exercised a wise discretion in order to enable a defaulted defendant to make a defence on the merits where he has been deprived of that opportunity through accident, mistake, negligence of his attorney, or other sound reason leading to the conclusion that such defence ought in justice to be allowed. *Thompson* v. *Goulding,* 5 Allen, 81. *Sullivan* v. *Sullivan,* 266 Mass. 228. *Donovan* v. *Danielson,* 263 Mass. 419, 424. The action of the trial judge in granting the motion to remove the default must have been founded on the conclusion that the due administration of justice required that an opportunity for trial be afforded to the defendant. It would be unfortunate if that result were thwarted by the application of some unbending rule of practice not in any particular affecting· the merits of the controversy.

The action of the trial judge is supported by several decisions. In *Gilchrist* v. *Cowley,* 181 Mass. 290, 291, the facts were that, on November 26, 1901, the defendants filed a motion for continuance on the ground that, after action brought, they had been trusteed by a creditor of the plaintiff; that, on November 30, 1901, a finding was made for the plaintiff; that, under the rule effective at that time, judgment was to be entered on the first Monday of January, 1902, in cases then ripe for judgment; that, on January 31, 1902, motion was filed that the clerk be directed to enter judgment as of the first Monday of January, 1902; that, on February 12, that motion was denied and motion for continuance filed on the same date by the above-mentioned creditor was allowed. It was held that " whether the defendant's motion was well founded, or whether the only effective one was that filed by the creditor . . . after the first Monday in January, the time

when it was necessary to deal with the former had not arrived and the finding did not affect it," and that there was no error. In *American Wood Working Machinery Co.* v. *Furbush,* 193 Mass. 455, a motion for continuance was filed by the defendant, who had previously been defaulted on the ground of his bankruptcy under the present bankruptcy act of July 1, 1898, c. 541, § 11, 30 U. S. Sts. at Large, 549, before the case went to judgment. It was held as the ground of decision, without noticing other grounds, that " When the last entry is a suggestion by the defendant of his bankruptcy, and a motion for a continuance founded on this fact, it is evident, under the present bankruptcy act, that judgment should not be entered until the motion is passed upon by the court."

There is nothing in *Berry Clothing Co.* v. *Shopnick,* 249 Mass. 459, 463, 464, *Silverstein* v. *Daniel Russell Boiler Works, Inc.* 268 Mass. 424, or *Lynn Gas & Electric Co.* v. *Creditors National Clearing House, Inc.* 237 Mass. 505, 507, or in numerous other decisions cited by the plaintiff, at variance with this conclusion.

It is a recognized principle that cases ripe for judgment actually go to judgment although the clerk fails to make any note to that effect. *Wallace* v. *Boston Elevated Railway,* 194 Mass. 328. *Nugent* v. *Boston Consolidated Gas Co.* 238 Mass. 221. *Porter* v. *Boston Storage Warehouse Co.* 238 Mass. 298, 301, and cases cited. *Alpert* v. *Mercury Publishing Co.* 272 Mass. 39, 41. That principle does not aid the plaintiff because the case at bar was not ripe for judgment owing to the filing of the motion to remove the default, as already pointed out.

The conclusion here reached does not offer to an obstinate or contumacious litigant a new weapon for delay. The rule is constantly followed to the effect that dilatory and obstructive tactics, accompanied by the filing of papers in court, will not be permitted to interfere with the proper progress of a case to judgment. *Boston Bar Association* v. *Casey,* 227 Mass. 46, 48, 49. *Thorndike, petitioner,* 257 Mass. 409, 411, and cases cited. *Pepper* v. *Old Colony*

*Trust Co.* 268 Mass. 467, and cases cited. The result of the present decision is simply to permit a defendant who has never had that opportunity to try his case if. the court, after hearing all evidence. pertinent to the default, decides under heavy judicial responsibility that such opportunity ought to be given him. The conclusion is that, both on reason and on authority, there was no error of law in the action of the trial judge.

*Exceptions overruled.*