GASTON ELECTRIC COMPANY *vs.* AMERICAN CONSTRUCTION CO., INC., UNITED STATES OF AMERICA, claimant.

Suffolk. October 10, 1957. — December 4, 1957.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Taxation*, Federal tax lien. *Attachment. Practice, Civil*, Stay of proceedings by reason of bankruptcy; Case stated; Appellate Division: what questions open, appeal. *Bankruptcy*, Stay of proceedings by reason of bankruptcy.

The mere filing in an action of a suggestion of bankruptcy of the defendant and of a motion to stay, never acted upon, did not stay the action. [455]

A report by a District Court to the Appellate Division of an action in which there was no agreement of any kind by the parties as to the facts and the facts were in large part shown by the testimony of a witness was not a case stated and the duty of the Appellate Division was to deal with the questions reported and with no others. [456]

An appeal from a decision of an Appellate Division brings before this court the rulings of law reported by the trial judge and questions of law touching the action of the Appellate Division. [456]

A decision by an Appellate Division disallowing the claim of an intervener in an action was a final decision from which an appeal lay to this court. [456–457]

An attaching creditor by trustee process whose claim has not been reduced to judgment is not a purchaser, judgment creditor, mortgagee, or pledgee within U. S. C. (1952 ed.) Sup. II, Title 26, § 6323 (a), as against the United States intervening in his action and claiming the attached funds for delinquent taxes due from the defendant. [457–458]

---

CONTRACT. Writ in the Municipal Court of the City of Boston dated March 11, 1954.

The United States of America intervened as claimant.

The case was heard by *Gillen,* J. The claimant appealed from an order of the Appellate Division disallowing the intervening petition.

*Robert J. Hoffman,* Assistant United States Attorney, (*Charles F. Barrett,* Assistant United States Attorney with him,) for the claimant.

*Louis A. Zonderman,* for the plaintiff.

WILKINS, C.J. In this action of contract in the Municipal Court of the City of Boston the plaintiff seeks to recover a balance of $4,498 due for labor and materials and for goods sold and delivered. The writ was dated March 11, 1954, and a bank was served as trustee on March 12, 1954. The writ was duly entered, and the trustee bank answered funds in the amount of $512.77. On October 29, 1954, "an answer by way of a suggestion of bankruptcy and motion to stay the proceedings was filed on behalf of the trustee in bankruptcy" in which it was set forth that an involuntary petition was filed against the defendant on September 23, 1954. This motion was never acted upon. The action, accordingly, was not stayed. *Dunbar* v. *Baker,* 104 Mass. 211, 212. *Holland* v. *Martin,* 123 Mass. 278, 279. *Dalton-Ingersoll Co.* v. *Fiske,* 175 Mass. 15, 19. *Gray* v. *Chase,* 184 Mass. 444, 451. *Berry Clothing Co.* v. *Shopnick,* 249 Mass. 459, 463–464. *Cohen* v. *Industrial Bank & Trust Co.* 274 Mass. 498, 501–502. *Allard* v. *Estes,* 292 Mass. 187, 193. See *Reid* v. *Holmes,* 127 Mass. 326.

On May 5, 1955, the United States of America filed a petition to intervene, in order to recover delinquent taxes due from the defendant and to establish rights in the funds in the possession of the trustee bank. One of these was a withholding tax for the period ending June 30, 1954, in the amount of $626.02, the assessment list covering which was received by the collector on August 2, 1954. After hearing, the petition to intervene as claimant was allowed. The trial judge found that the funds held by the trustee bank were

the property of the claimant, and ordered the trustee bank to pay them, less its costs, to the claimant. The plaintiff's "Requests For Findings of Fact and Rulings of Law" were not acted upon, because they were "mingled," and the plaintiff claimed a report to the Appellate Division as to the failure to act upon requests numbered 6, 7, 8, and 9. The Appellate Division, without passing upon those requests, dealt with "the undisputed facts . . . as a case stated," and disallowed the intervening petition. The claimant appealed.

The report to the Appellate Division was not a case stated. There was no agreement of any kind as to the facts, much less an agreement upon "all the material ultimate facts on which the rights of the parties are to be determined by the law." *Scott* v. *Manager State Airport, Hanscom Field, ante,* 372, 373, and cases cited. The facts were in large part contained in the testimony of the only witness, who was an officer of the Internal Revenue Service. It is only by an agreement that the findings of fact of an auditor may be made final, and this is the reason that the report of such an auditor is in effect a case stated. *Merrimac Chemical Co.* v. *Moore,* 279 Mass. 147, 151–152. *Robinson* v. *Lyndonville Creamery Association,* 284 Mass. 396, 398.

The duty of the Appellate Division was to deal with the questions reported and with no others. The appeal brings before us the rulings of law reported by the judge to the Appellate Division and questions of law touching the action of the Appellate Division. *Bresnick* v. *Heath,* 292 Mass. 293, 296. *Himelfarb* v. *Novadel Agene Corp.* 305 Mass. 446, 447. *Elliott* v. *Warwick Stores, Inc.* 329 Mass. 406, 408. See G. L. (Ter. Ed.) c. 231, § 108, as amended, § 109.

There was no general request by the plaintiff that the claimant was not entitled to intervene, and this question cannot be reviewed here. *Spencer* v. *Burakiewicz,* 288 Mass. 83, 85. The failure of the trial judge to act upon the four requests reported was tantamount to a denial of them, and these questions are properly here. There was a final order

of the Appellate Division which brings for our review all the rulings of law made by the trial judge and by him reported to the Appellate Division. *Barry* v. *Sparks,* 306 Mass. 80, 85. *Zarrillo* v. *Stone,* 317 Mass. 510, 511.

We shall not pass upon the technical question whether the labeling of nine requests as requests for findings of fact and rulings of law was a sufficient ground for the denial of such of them as may have been requests for rulings of law. The practice is not a good one and is unsafe, as the present case shows. We pass by this question because we are satisfied that the four requests reported could have been rightly denied on their merits.

Requests numbered 7, 8, and 9, refer to bankruptcy or the bankruptcy act. They were immaterial. Bankruptcy is not a proved fact in this case. While it is mentioned in the "answer by way of a suggestion of bankruptcy and motion to stay," there was no proof. We do not intimate that such fact would have been material.

Request numbered 6 is "That as a matter of law an attaching creditor stands in the position of a purchaser for value." "Decisions under the [Revenue] Act prior to 1913 repeatedly held that no third parties, not even innocent purchasers for value, were protected under any circumstances from an unrecorded [Federal] tax lien." *MacKenzie* v. *United States,* 109 Fed. (2d) 540, 542 (C. C. A. 9). By U. S. C. (1952 ed.) Title 26, § 3672 (a) (Internal Revenue Code of 1939), and U. S. C. (1952 ed.) Sup. II, Title 26, § 6323 (a) (Internal Revenue Code of 1954), the Federal tax lien provided by U. S. C. (1952 ed.) Title 26, § 3670 or § 6321, respectively, is not valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice has been filed by either the collector of internal revenue or the Secretary of the Treasury or his delegate, respectively.

We shall treat request numbered 6 as seeking to classify the plaintiff as one to whom notice of the Federal tax lien should have been given. This is a Federal question, and the Federal courts have held that only purchasers or judgment creditors in the ordinary sense are intended. *United*

*States* v. *Security Trust & Savings Bank,* 340 U. S. 47.
*United States* v. *Acri,* 348 U. S. 211, 213. *United States* v.
*Scovil,* 348 U. S. 218, 220. *United States* v. *Hawkins,* 228
Fed. (2d) 517, 519 (C. A. 9). An attaching creditor is not a
mortgagee or pledgee. Request numbered 6 could not have
been given.

> *Order of Appellate Division reversed.*
> *Judgment to be entered on the find-*
> *ing of the Municipal Court of the*
> *City of Boston.*