ROCKLAND SAVINGS BANK

*vs.*

W. G. ALDEN AND S. T. KIMBALL, AND J. E. MOORE, Trustee.

Knox.    Opinion November 7, 1908.

*Practice. Actions Marked "Law." Same Continued Without Further Entry.*
*Trustee Process. Statute 1823, chapter 219, sections 1, 4. Statute 1852,*
*chapter 246, sections 1, 8. Revised Statutes, 1841, chapter 96,*
*sections 17, 18. Revised Statutes, chapter 79, sections*
*46, 49; chapter 88, section 79.*

Revised Statutes, chapter 79, section 46, relating to cases which may come
before the Law Court, provides, among other things, as follows: "They
shall be marked 'law' on the docket of the county where' they are pend-
ing, and there continued until their determination is certified by the clerk
of the Law Court to the clerk of courts of the county, and the court shall
immediately after the decision of the question submitted to it, make such
order, direction, judgment or decree, as is fit and proper for the disposal
of the case, and cause a rescript in all civil suits, briefly stating the points
therein decided, to be filed therein, which rescript shall be certified by the
clerk of the Law Court to the clerk of courts of the county where the
action is pending," etc. *Held:* (1) That when an action is marked '"law"
it is continued by the express command of the statute and no other entry
on the docket is required. Such entry ipso facto operates effectually as a
continuance of the action until its determination by the Law Court is
certified as provided by the statute. (2) That this rule applies to an action
commenced by trustee process.

An action commenced by trustee process was entered at a January term,
1906, and after an entry on the docket " trustee to disclose next term as
of this," the action was continued to the next April term when the follow-
ing entry was made: "Trustee to disclose at the next term as of first;
principal defendants defaulted; continued for judgment." At the follow-
ing September term, the trustee's disclosure as to one Alden, who was one
of the principal defendants, was filed and the action was continued for
judgment, and marked "Law on report as to liability of trustee." There
was no entry on the docket at the January, April or September terms,
1907. November 29, 1907, a rescript was received from the Law Court dis-
charging the trustee as to the defendant Alden. There was no disclosure
or entry effecting the trustee as to the other principal defendant. At the
January term, 1908, the principal defendants filed a written motion that
judgment be entered in the action as of the January term, 1907, contend-

ing that the action against them had gone to judgment at that time and that it should be entered as of that term. *Held:* That after the action was marked "law" it was continued by operation of the statute until its determination by the Law Court, and that judgment could not be entered against the principal defendants as of the January term, 1907.

If in an action commenced by trustee process final judgment is entered against the principal defendant before the liability of the trustee is determined, the plaintiff will be deemed to have waived all further proceedings against the trustee.

On exceptions by principal defendants.     Overruled.

Action of assumpsit on a promissory note, commenced by trustee process and entered at the January term, 1906, Supreme Judicial Court, Knox County.     After the trustee had filed his disclosure as to the defendant Alden, the action was marked "Law on report as to liability of trustee" and the case was then reported to the Law Court under the title "*Rockland Savings Bank* v. *William G. Alden, and Joseph E. Moore, Trustee.*"     See 103 Maine, 230.     In November, 1907, a certificate was received from the Law Court with an order to enter "trustee discharged."     At the following January term of said court in said county, to wit, January term, 1908, the principal defendants Alden and Kimball filed the following motion :

"And now come the defendants in the above entitled case, and move that the same be dismissed from the docket of this court because the same is a cloud upon their title to real estate purporting to be attached in said suit, and because for other reasons they have a right to have said action against them removed from the docket of this court; and it should be so dismissed.

"Because both of said defendants were defaulted in said action at the April term of this court in the year 1906, and the said action was last continued for judgment at the September term, 1906, and it should have gone to judgment and been removed from this docket at the next succeeding January term, to wit, January, 1907.

"Wherefore they pray that said action may be dismissed and judgment may be ordered to be entered therein as of the January term, 1906."

The presiding Justice ruled as a matter of law that the motion could not be granted and the defendants excepted.

The docket entries in the case now at bar as shown by the record are as follows:

"Tr. to disclose next term as of this. Jan. T., 1906. Tr. to disclose next term as of first. Prin. Deft's def. and c. f. j. April T., 1906. Disclosure of Moore, Tr., as to Alden, filed and c. f. j. Law on report as to liability of Tr. Sept. T. 1906. Order from Law Court. 'Trustee discharged,' rec'd and filed Nov. 29, 1907. Mo. for judgment filed. Tr. disclosure as to Kimball filed. Mo. for judgment denied. Exceptions allowed and filed. Jan. T., 1908. Law."

The case is fully stated in the opinion.

*Rodney I. Thompson*, for plaintiff.

*Arthur S. Littlefield*, for defendant Alden.

*S. T. Kimball*, pro se.

*J. E. Moore*, pro se.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

WHITEHOUSE, J. This is an action upon a promissory note signed by the defendants Alden and Kimball, in which Joseph E. Moore, Trustee in Bankruptcy of the Megunticook Woolen Co., was named as trustee of the defendants. The real estate of the defendants was also attached on the writ.

The action was entered at the January term, 1906, when an entry was made, "Trustee to disclose next term as of this." The case was thereupon continued to the next April term when the following entry was made, namely, "Trustee to disclose at the next term as of first; principal defendants defaulted; continued for judgment."

At the succeeding September term, the trustee's disclosure as to the defendant Alden, was filed and the case continued for judgment, and marked, "Law on report as to liability of trustee."

There was no entry at the January, April or September terms, 1907, November 29, 1907, a rescript was received from the Law Court discharging the trustee as to the defendant Alden. There has been no disclosure or entry affecting the trustee as to the defendant Kimball.

At the January term, 1908, the principal defendants filed a written motion that judgment be entered in the case as of the January term, 1907, contending that the case against them had gone to judgment at that time and that it should be entered as of that term.

The presiding Justice ruled as a matter of law that the motion could not be granted. The case comes to the Law Court on exceptions by the principal defendants to this refusal of the presiding Justice to order judgment in the case as of the January term, 1907.

The trustee process in this State is created by the provisions of chapter 88 of the Revised Statutes, the writ being in the form established by law, authorizing an attachment of goods and estate of the principal defendant in his own hands, and in the hands of the trustee, and the summons in substance as therein prescribed. Although the primary object sought by the use of the process undoubtedly is to obtain judgment against the trustee, it has never been treated in this State as merely a process of execution but has been uniformily regarded as a suit in which the person summoned as trustee is held to be a party adverse to the plaintiff and entitled to make his defense as the principal defendant may, either upon issues of law or fact. But the procedure must conform to the rules of civil pleading. *Boynton* v. *Fly*, 12 Maine, 17; *Dennison* v. *Benner*, 36 Maine, 227; *Hanson* v. *Butler*, 48 Maine, 81; *Hibbard* v. *Newman*, 101 Maine, 410.

In the case at bar the plaintiff in this trustee process sought to hold certain dividends declared by the referee in bankruptcy in favor of the principal defendant Alden. The action was entered at the January term, 1906, and was continued with the entries above specified until the September term, 1906, when the alleged trustee filed his disclosure, and the case was marked "Law on report as to liability of trustee." The case was duly presented to the Law Court and it was held that funds in the hands of a trustee in bankruptcy belonging to a bankrupt estate, are in the custody of the law and not amenable to the process of foreign attachment. Accordingly on the 29th of November, 1907, a certificate was

received from the Law Court with an order to enter "Trustee discharged."

It has been seen that the principal defendants were defaulted at the April term, 1906, and the case marked "c. f. j." at that term, and the next April term, and it is now contended that inasmuch as the action was not marked "c. f. j." at any subsequent term, it must have gone to judgment at the next term succeeding that at which it was so marked, viz., at the January term, 1907, and that the plaintiff's attachment of the defendants' real estate was dissolved at the expiration of thirty days from that time.

In determining this question, it will be found helpful and instructive to examine the history of the legislation bearing upon it; and in giving construction to these statutes, it is proper to consider the uniform system of practice that has prevailed since their enactment to the present time. For although acquiescence for no length of time can legalize a manifestly unauthorized practice, it must be conceded that a practical interpretation of a statute which has been accepted as correct for more than three-fourths of a century is entitled to great weight in the decision of such a question.

Chapter 219 of the Public Laws of 1823, entitled "An act additional to an act establishing a Supreme Judicial Court within the State" makes provision in section 1 for sessions of the Law Court to be holden by the three justices in each of the counties named, and in section f, provides as follows, viz:

"Exceptions being reduced to writing, in a summary mode, and presented to the court, before the adjournment thereof without day, and being found conformable to the truth of the case, shall be allowed and signed by the justice holding said court, and who tried such cause; and thereupon all such action or process, in and upon which judgment shall not have been rendered, at the time of allowing such exceptions, shall be continued to the next term of said court to be holden in the same county pursuant to the first section of this Act." And it has been seen that the next term holden in the same county pursuant to the first section of the Act, was the session of the Law Court.

The provisions of the Act of 1823 respecting the continuance of actions in case of exceptions, appear in sections 17 and 18 of chapter 96 of the Revised Statutes of 1841.

Chapter 246 of the Public Laws of 1852, entitled "An Act concerning the Supreme Judicial Court and its jurisdiction," abolishes the district courts in section 1, and provides in section 8 as follows, viz. "All motions for new trial upon evidence as reported by the presiding Justice, all questions of law arising on reports of evidence, exceptions, agreed statements of facts, cases in equity, and all cases, civil or criminal, where a question of law is raised for the determination of the Supreme Judicial Court, sitting as a court of law or equity, shall be respectively marked law on the docket of the county where they are so pending, and shall be continued on the same until the determination of the questions so arising shall be respectively certified by the clerk of the district to the clerk of the county where they are pending."

This provision for a continuance of actions marked "Law" has been retained in substantially the same language in all subsequent revisions of the statutes to the present time.  See R. S., 1903, chapter 79, section 46.

During all of these years it is believed to have been the invariable rule and practice of the court to construe this statutory provision to be self-executing and to operate as a continuance of actions marked "law" without special order of court, until their determination is certified as therein provided.  Such a construction is a reasonable and necessary conclusion from the mandatory language of the statute itself.  The actions "shall be continued."  The continuance is made an absolute and imperative requirement.  The court has no power to prevent a continuance under such circumstances.  The action is continued by the express command of the statute, and no other entry on the docket is required except to mark the case "Law."  That entry ipso facto operates effectually as a continuance of the action until its determination by the Law Court.

The fact that in the case at bar the action was commenced by trustee process does not change the rule.  It is provided by section 79, chapter 88, R. S., relating to trustee process that "Whenever

exceptions are taken to the ruling and decision of a single justice, as to the liability of a trustee, the whole case may be re-examined and determined by the law court, and remanded for further disclosure and other proceedings as justice may require."

Inasmuch as no useful purpose would be subserved by obtaining judgment against the trustee, or the funds in his hands, unless the liability of the principal defendant was established, the principal defendants were properly defaulted at the April term, 1906. On the other hand, if the action had been allowed to go to final judgment against the principal defendants at that term, and execution taken out against them, the plaintiff would be deemed to have waived all further proceedings against the trustee. *Jarvis* v. *Mitchell*, 99 Mass. 530. The case was therefore properly "continued for judgment" until it was made and marked "law," and thereafter it was continued by operation of law.

It is provided by section 49 of chapter 79, R. S., that "The clerk of courts of a county, by virtue of a certificate provided for in this chapter, received in vacation, shall enter judgment as of the preceding term, and execution may issue as of that term, but attachments then in force continue for thirty days after the next term in that county." In this case the certificate of the decision of the Law Court was received November 29, 1907, in vacation, and if the principal defendants had not interposed the motion now under consideration and made up a second case for the Law Court, the judgment would have been entered as of the preceding September term, 1907, and not as of the January term, 1907. The defendants' motion was properly overruled.

*Exceptions overruled.*